Battle, J.
 

 There can be no doubt, that, if the sheriff’s sale, under which the defendant purchased, were void, the plaintiff was not bound by it. Iiis donor could certainly have taken advantage of it, and he, claiming from the donor, and standing in his place, must have had the same right.
 
 Hollowell
 
 v.
 
 Skinner, 4
 
 Ire. Rep. 165. The question then arises, whether the sale, at which the defendant purchased, was void. It is attacked upon the ground, that the articles sold were not present at the time and place of the sale. The presiding Judge held properly, that they must be present, and equally so, that
 
 *494
 
 they need not be literally in the sheriff’s hands or directly under his hammer — that it was sufficient, if they were in such a situation, that the bidders could see them and have an opportunity of examining their quality and value.
 
 Ainsworth
 
 v.
 
 Greenlee,
 
 3 Mur. Rep. 470,
 
 Smith
 
 v.
 
 Tritt,
 
 1 Dev. & Bat. Rep. 241 ; but he erred in leaving, as a question of fact to the jury, what he ought to have decided himself, that, if they believed the testimony to be true, the oats at least were not present according to the principles, which he had so clearly and properly laid down. According to the testimony of one witness, the oats were in a house on the premises, several hundred yards, and according to another a quarter of a mile from the place where the sale was made. The bidders could not at the moment see them, nor examine their quality and value, and of course were invited to bid in ignorance of these essential particulars. Nor can the fact stated, that the articles sold had been previously on the same day shewn to the bidders, avoid the effect of their absence at the time and place of the sale. For that must be conducted in such manner, that every person, who may come up be fore the articles are knocked down by the auctioneer, may see and examine them, so as to enable him to become a bidder if he choose. To hold otherwise would be to give some of the persons present an advantage over others, and thus prevent that fair and open competition, which the law so much desires in sales of this kind. For the error of the Judge in failing to instruct the juiy on a question of law, material to the plaintiff’s claim, which was presented by the testimony, there mnst be a new trial. This renders it unnecessary that we should consider whether the sale of the corn was valid.
 

 Indeed the facts respecting the sale of that article are not stated with sufficient fullness and precision to enable us to decide that question. The case does not mention whether the corn was standing or lying in heaps in the field, when.it was sold, whether it was sold all together,
 
 *495
 
 or by the bushel or other measure, nor how much of the field could be seen by the bidders from the spot where the sale tools: place. It was not necessary that the sheriff and bidders should have been in the field or immediately at it,
 
 Skinner
 
 v. Skinner, 4. Ired. Rep. 175, but they ought to have been in such a situation, that they could see the probable quantity and quality of what they were called upon to buy. These facts may be ascertained upon the next trial, when the Court will be prepared to pronounce the law applicable to them.
 

 The judgment must be reversed and a
 
 venire de novo
 
 awarded
 

 Pbr Curiam. Judgment reversed and
 
 venire de
 
 novo.