## L. ANNIE WORMELL v. GEO. W. NASON.

*Mortgage Sale of Personalty— Where made—Presence of Property.*

Where personal property of a ponderous nature (*e. g.* printing presses and stands) are conveyed by mortgage with a general power of sale, unrestricted as to the place of such sale, the purchaser of the property at an auction had in execution of the power, at the court house door, in about fifty yards of the place where the property is located and in use, (the same being accessible to all who might wish to inspect it) passes a title which, if impeachable at all, can only be questioned by

the mortgagor and those claiming under him, and cannot be contro-
verted by a stranger.

(*Hollowell* v. *Skinner*, 4 Ired., 165 ;   *McNeeley* v. *Hart*, 8 Ired., 192, cited
 and approved.)


CIVIL ACTION tried at Fall Term, 1879, of CRAVEN Supe-
rior Court, before *Avery, J.*

Verdict and judgment for the plaintiff, and appeal by the
defendant.

*Messrs. A. G. Hubbard* and *H. R. Bryan* for plaintiff.
*Messrs. Green & Stevenson,* for defendant.


. DILLARD, J.   The plaintiff in her complaint alleges that
she is the owner and entitled to the possession of two print-
ing presses, stands and printing material of great value, and
that defendant detains the same ; and the defendant by his
answer, not claiming any right in himself, denies the own-
ership of the plaintiff and the wrongful detention by himself.
Upon this state of the controversy, the court below submit-
ted issues to the jury involving inquiry into the plaintiff's
ownership of the property, the detention thereof by the de-
fendant, and the value of the same.    On the trial, as stated
in the judge's case of appeal, it was *admitted* that the title to
the property sued for was in one Jesse L. Nason on the first
day of May, 1873, and that on that day he conveyed it by a
deed of mortgage with power of sale, duly proved and regis-
tered in Craven county, to E. S. Wormell to secure a debt
to him, and that the said debt with the mortgage as its in-
cident was afterwards assigned by E. S. Wormell, the mort-
gagee, to Josiah Packard, Jr.   And it was in evidence that
the articles in controversy were sold by E. S. Wormell by
virtue of the power contained in the mortgage, and under a
power of attorney from Packard, the assignee, at public auc-
tion at the court house door, when and where the plaintiff

3 a

became the purchaser, and that said property was not ac-
tually present at the sale, being ponderous and difficult to
remove, but was near by in a room about fifty yards distant
from the court house door, and then being used in printing.

Upon the case of title in the plaintiff thus made, the
plaintiff rested, and thereupon the defendant took the posi-
tion that the sale did not avail to pass title to the plaintiff,
for the reason that the property was not present at the court
house door at the time of the sale, and he moved the court so
to rule and instruct the jury. The court refused to hold and
instruct the jury as requested, and defendant excepted.

The defendant, in support of the issues on his part, pro-
posed to show title out of the plaintiff, and to that end
offered and was allowed (against the objection of the plain-
tiff) to put in evidence a deed of mortgage of the same
property by E. S. Wormell, the mortgagee in the deed first
above mentioned, and by Kilburn and others, to Jesse L.
Nason, which said last deed was executed subsequently to
the probate and registration of the deed under which plain-
tiff claims, and after the sale thereunder to the plaintiff.

To combat the force and effect of this matter of avoidance
on the part of defendant, the plaintiff introduced evidence
tending to show that the deed put in evidence was deposited
with the subscribing witness, as an escrow, and had been
improperly obtained and registered without the perform-
ance of the conditions on which it was to have been deliv-
ered; and in turn, the defendant adduced evidence to
counteract the plaintiff's impeaching evidence, both sides
taking exception to the admission and rejection of evidence
in relation to said deed, of which no particular mention
need be made, as the decision of the appeal is put upon a
point which renders their consideration unnecessary.

The jury, in response to the issue submitted to them, in
substance found the ownership of the property sued for to
be in the plaintiff, a wrongful detention by the defendant,

and fixed the value of the articles at two thousand dollars, and from the judgment of the court rendered on the verdict, the defendant appeals.

The error in law complained of by defendant, is assigned to be in the refusal of His Honor to instruct the jury as requested, that no title passed to the plaintiff under the sale at the court house door, because the goods were not then actually present at the door of the court house. From the terms of the instruction asked, obviously no question was made of the existence of a valid power of sale in the mortgage, nor of the fact of a sale had in pursuance of the mortgage. And therefore, we are to assume that the sale under which the plaintiff claims had these and all other elements of a sale passing the title, unless the want of the presence of the articles at the door of the court house at the time, as particularized in the request, was a defect which rendered the sale void and not merely voidable. The question then is, was the presence of the presses, stands and material at the court house door an essential, without which the title could not and did not pass to the plaintiff?

It cannot be doubted that a debtor may convey his personal property to his creditor as a security for his debt by what is technically known as a mortgage; or he may, with a view to save from the inconvenience and delay of a resort to court for foreclosure, superadd a power to the creditor in default of payment, to sell and pay himself. The debtor may confer such power in terms special as to the time and place of sale and the manner of the sale, or he may give a power of sale general and unrestricted, which last we take to have been the form of the power in this instance, inasmuch as the statement in the judge's case is of a mere general power. And if it were not so, it was the duty of the appellant to have had it so to appear. Taking the mortgagee in this case to have had such general power to sell, then, having the legal title in him, he could sell according

to his discretion, *en masse*, or separately, at the court house door with the property present, or with it in the room fifty yards distant, where parties wishing to buy could have the advantage of seeing it in position and in actual use; and a bargain struck, whether in the presence or absence of the goods, vested the title at once as between the parties, with the right in the vendee on payment of the price to have the possession delivered to him, or to take the possession, or to sue for it, except, perhaps, when there was an adverse possession in another at the time of the sale. 2 Blackstone, 447; 2 Kent, 492; 2 Jones on Mortgages, § 1902; *Wilson* v. *South Park, &c.,* 70 Ill., 46.

The utmost that could be claimed from the sale's being made away from the property, was an equity to avoid the sale and have a resale, as against the mortgagee and the purchaser with notice of, or a complicity in, any unfairness in the sale. And this is a right in the mortgagor or some one claiming under him as assignee or creditor, and extends not to a stranger, in analogy to the rule in execution sales, which excludes all persons other than the debtor and those claiming under or through him, from questioning the transfer of the title by reason of an irregularity in the manner of the sale. *Hollowell* v. *Skinner,* 4 Ired., 165; *McNeeley* v. *Hart,* 8 Ired., 492.

Applying these principles, then we have this case: The plaintiff by her purchase, no one being in adverse possession at the sale, acquired the legal title which was in E. S. Wormell, the mortgagee, voidable at the most only at the instance of the mortgagor, or some one claiming by or through him; and in this action to recover the property, the defendant having no claim as creditor or otherwise under the mortgagor, officiously seeks to defeat the recovery for an alleged irregularity in the sale, of which Jesse L. Nason, the mortgagor, has never complained for himself.

We think the sale as made did not fail to pass the title to

the articles sued for by reason of the fact that the goods were not present at the place of sale at the time thereof, and His Honor was in no error in refusing to charge the jury as requested.

In the progress of the trial, after the refusal of the judge to give the instruction prayed for (as to which there was no error as above mentioned) the defendant introduced a deed of mortgage on the same property, executed by E. S. Wormell, Kilburn and others, subsequently to the probate and registration of the deed under which the plaintiff claims, and after the sale to the plaintiff, and several exceptions were taken to the admission of the same in evidence, and to other evidence bearing upon the question of its delivery as an escrow, and the performance of the conditions on which it was to have been delivered, but it is immaterial now to consider them.

According to the statement of the case by the judge, it was *admitted* on the trial that the title to the presses and other articles was in the mortgagor at the execution of the deed under which the plaintiff claims. And if so, then, it being decided that the sale passed the legal title to the plaintiff, the deed offered in evidence by the defendant to show title out of the plaintiff had not and could not by possibility have any such effect, for the reason that it was subsequent to her purchase, and she was not a party to the deed. It is therefore immaterial, the sufficiency of the previous sale to the plaintiff being established, to consider of the effect of the said deed subsequently executed by E. S. Wormell to show title out of the plaintiff when she was not a party thereto.

There is no error, and the judgment of the court below is affirmed.

No error.                                        Affirmed.