CHARLES E. BRAME et al. v. W. Y. SWAIN.

*Contract—Mortgage—Vendor and Vendee.*

In the absence of a stipulation to the contrary, a mortgage cannot be foreclosed until the maturity of all the notes or bonds which it secures; and the same rule applies to contracts for sale of land where the purchase-money is to be paid in installments, and the purchaser has been let into possession.   In such case, a decree for specific performance will not be given until all the money is due, but the vendee will be entitled to personal judgment upon each of the payments as they may become due.

Civil action, tried before *Bryan, J.,* at Spring Term, 1892, of Vance Superior Court.

On the 1st day of January, 1891, the plaintiff Charles E. Brame contracted to convey to the defendant Swain a tract of land situate in Vance County, containing one hundred and twenty acres, more or less, for the consideration of twelve hundred dollars, and on said day defendant executed to the plaintiff his four promissory notes, under seal, for the purchase-price of said land, all bearing eight per cent. interest per annum, and for several amounts, maturing as follows: One for one hundred dollars, due May 1, 1891; one for three hundred dollars, due November 15, 1891; one for four hundred dollars, due November 15, 1892, and one for four hundred dollars, due November 15, 1893, all witnessed by W. R. Swain. No payment has ever been made on either one of said notes, or on the purchase-price of said land by the defendant, or anyone else, except the sum of fifty dollars, that was paid June 1, 1891, and duly credited on the note maturing May 1, 1891.

The defendant was requested, before bringing this action, to pay said notes then and now matured, and a proper deed for said land, duly executed, was tendered him, but he paid no part of the purchase-price of said land, except the said fifty dollars, as he himself admits.

" Wherefore, plaintiff demanded judgment—

1. For the sum of eleven hundred and fifty dollars, with eight per cent. interest thereon from January 1, 1891, till paid, and eight per cent. interest on fifty dollars from January 1, 1891, to June 1, 1891.

2. That said land may be sold by said T. T. Hicks, under the direction of this Court, and the proceeds applied to the satisfaction of said judgment, the first collection to be applied to the payment of the amount due by said Brame to the said Edwards, and the residue to the judgment in favor of said Brame against defendant.

3. For the costs of this action.

4. For such other and further relief," etc.

The defendant answered the complaint of the defendant, alleging—

\*　　\*　　・\*　　\*　　\*　　\*　　\*　　\*

" And for a further defence this defendant says that two of said notes were not due at the time of bringing this action, and will not be due until the 15th of November, 1892, and the 15th of November, 1893, respectively, and that he is advised, and therefore alleges, that no sale of the said land can be had until all of said notes are due.

Wherefore, he prays judgment—

1. That he may go hence without day, and recover his costs on this behalf expended."

This cause, coming on to be tried, the plaintiffs moved the Court for judgment upon the complaint and answer upon the notes that were past due at the commencement of the action as set out in the complaint; and further, for a sale of a sufficiency of the land described in the pleadings to satisfy the said past-due notes, but it appearing to the Court that all the notes executed under the obligation for the purchase of the land were not due at the commencement of this action, the plaintiffs' motion was denied. And thereupon, the plaintiffs moved the Court for judgment against the defendant upon the two notes described in the complaint as past due at the commencement of the action, which motion was by the Court, upon consideration, denied; and it was thereupon adjudged that the action be dismissed, and that the defendant go hence without day and recover his costs, and appealed.

*Mr. T. T. Hicks* (by brief) for plaintiffs.
*Mr. H. T. Watkins*, for defendant.

SHEPHERD, J.: Where a contract is made for the sale of land, the purchase-money to be paid in annual installments,

and the vendee is let into possession, the vendor cannot maintain an action for specific performance until the last payment is due. The relation between such parties is substantially that subsisting between mortgagee and mortgagor, and governed by the same general rules (*Jones* v. *Boyd*, 80 N. C., 258); and in the absence of a stipulation to that effect, a mortgage cannot be foreclosed until the maturity of all the notes which it is given to secure. *Harshaw* v. *McKesson*, 66 N. C., 266. These authorities fully sustain his Honor in declining to decree a sale of any part of the land. We think, however, there was error in refusing the plaintiffs a personal judgment on the notes actually due at the commencement of the action. There is nothing in the contract of sale which either expressly or by implication amounts to an agreement to suspend the personal remedy, and in Harshaw's case, *supra*, in which a foreclosure was denied, the Court explicitly declared that "the plaintiffs, if they had seen proper, might have proceeded in an action at law to recover the installments as they became due, but they could not have a foreclosure until the day of redemption was passed." See, also, *Allen* v. *Taylor*, 96 N. C., 37. The principle stated in *Harshaw* v. *McKesson*, 65 N. C., 688, that where a mortgage is executed to secure a note previously given, there is an implied promise to suspend the personal remedy, has no application to the facts of this case.

Modified.