## C. J. ALSTON v. M. F. MORPHEW.

*Execution Sale of Personal Property.*

Personal property, when sold under execution, should be present at the sale and in the possession of the officer, so that immediate delivery may be made to the purchaser. These requirements will be met, however, if the property is in plain view, or so near that it can be personally inspected by all present at the sale who may choose to examine it.

CIVIL ACTION, tried at Fall Term, 1893, of McDOWELL Superior Court, before *Boykin, J.*

A jury trial was waived, and the following facts were agreed upon:

"That on the 29th day of October, 1892, one J. A. McDonald, J. P., in McDowell County, rendered judgment in favor of the defendant in this case (the plaintiff in that) against C. J. Alston, the plaintiff in this case, who was defendant in that, for the sum of $139. On said judgment execution was issued and levied by A. L. Finley, a constable for Marion township, said county of McDowell, on the piano described in the complaint in this action, and, after advertisement, was sold at the court-house door in the town of Marion, North Carolina. That said piano was levied upon and left in a private room in the 'Hotel Thomas,' about two hundred and fifty yards from the court-house door. It was left in charge of an agent of the constable, who held the key to said room. That at the time of the sale at the court-house door as aforesaid the piano was in the said room where levied on. That when the piano was offered for sale, and during the crying of the sale by the officer, he announced the whereabouts of the piano and stated that bidders would be given half an hour to examine same, and that during the half-hour as many as three persons went and examined said piano. That there were about fifty persons at the sale. That no actual delivery

of the piano was made by the officer to the purchaser at the time of the sale, but the purchaser obtained the same by claim and delivery against the proprietor of the hotel, who held the same under a claim of storage charges from the officer.   The piano was an upright piano of average size."

Upon the facts as agreed, the Court was asked to proceed to judgment, and judgment was thereupon rendered in favor of the plaintiff for possession of the piano, and defendant appealed.

*Mr. Locke Craige*, for plaintiff.
*Messrs. Justice & Justice*, for defendant (appellant).

MacRae, J.: The uniform current of decisions in this State, from *Blount* v. *Mitchell*, 1 N. C., 80, are to the effect that, upon sales by sheriffs or constables of personal property under execution, the property should be present at the sale and in the possession of the officer, so that immediate delivery may be made to the purchaser.   These requirements are fulfilled, however, if it is in plain view, or so near that it may be personally inspected by all present at the sale who may choose to examine it.   The sale "must be conducted in such a manner that every person who may come up before the articles are knocked down by the auctioneer may see and examine them, so as to enable him to become a bidder if he choose. To hold otherwise would be to give some of the persons present an advantage over others, and thus prevent that fair and open competition which the law so much desires in sales of this kind."   *McNeely* v. *Hart*, 8 Ired., 492.   The reason of the rule is clearly stated in *Ainsworth* v. *Greenlee*, 3 Mur., 470 : "The constable's authority to sell these goods was derived under a *fieri facias,* the execution of which the law requires to be done in such a manner as that by the sale the property is most likely to command the highest price in ready money. It is evident that for this purpose the bidder ought to have

an opportunity of inspecting the goods and forming an esti-
mate of their value, without which it is not to be expected
that a fair equivalent will be bid. The presence of the goods,
too, in the possession of the officer, to which possession the
levy gives him a right, assures the bidders that a delivery
will be made to the highest bidder forthwith, and that so far
the object of the purchase will be attained without litigation."

The present case is an apt illustration of the justice of the
rule. The piano was left in a private room in a hotel, about
two hundred and fifty yards from the place of sale; there
were about fifty persons at the sale; an adjournment was had
for half an hour in order to give all present an opportunity
to visit the hotel and examine the piano. As many as *three*
availed themselves of the invitation. It is alleged in the
complaint, and not denied in the answer, that the property
sold for $32.50, the said sum being a small part of its actual
value, although it is denied in the answer that the smallness
of the sum bid was occasioned by the absence from the place
of sale of the article sold. And it further appears that the
purchaser did not obtain possession from the Sheriff, but by
means of a proceeding in claim and delivery. Who can tell
that the apprehension of trouble in obtaining possession did
not deter persons present from bidding at the sale?

The law, so firmly established by repeated adjudications,
is in no way weakened by the case of *Wormell* v. *Nason*, 83
N. C., 32, where printing presses and stands, property of a
ponderous nature, and then in actual use and operation, con-
veyed by *mortgage*, with a general power of sale unrestricted
as to its place, were sold within fifty yards of the place where
they were located and in use, the same being accessible to all
who might wish to inspect them, and the sale was held to
pass title, which, if impeachable at all, could only be ques-
tioned by the mortgagor and those claiming under him, in
analogy to the rule in execution sales.          Affirmed.