## J. W. BARBEE v. R. O. SCOGGINS.

*Practice—Appeal—Dismissal—Foreclosure of Mortgage for Default in Payment of Installments of Debt—Condition in Mortgage, Performance of—Release of Mortgage— Mortgage Sale of Personalty—Trial—Directing Verdict—Measure of Damages—Harmless Error.*

1. Pleadings are not required to be printed as a part of the record on appeal (except when case comes up on demurrer) unless material, and, if material, this Court will not dismiss the appeal for failure to print but will simply order the additional printing.

2. A mortgage to secure a debt payable in installments can be foreclosed before the maturity of the last installment if there is a provision that, upon default in any installment, all shall become due and the powers of sale may be exercised.

3. A mortgage on realty and personalty to secure a debt payable in installments provided that, upon the payment of installments amounting to $350, the personalty should be released but that, in default in payment of one of the installments, all should become due and the mortgagee might take possession and sell. The mortgagor being in default, the mortgagee on the 6th of March, instituted an action for the possession of the personal property which was on that day seized by the sheriff and three days thereafter was delivered to the plaintiff. On the 10th of March the defendant, mortgagor, tendered to the plaintiff an amount which, added to the installments paid, equalled $350 and interest and costs of the proceeding which, being refused, was deposited with the Clerk of the Court for benefit of the plaintiff. *Held*, that, upon such payment into Court, the mortgage on the personalty was *eo instanti* released and the plaintiff should have discontinued his action.

4. A mortgagor being regarded as in the power of the mortgagee, the Courts require that the sale of personalty under a mortgage, like sales under execution, shall be made with such reasonable care as to produce the best results; hence, a sale by a mortgagee of a stock of merchandise, not in plain view but more than a hundred yards from the place of sale, and in a lump, was invalid.

5. When the burden of proof is upon a party who offers no evidence to support his contention, it is proper for the trial Judge to direct a verdict against him.

6. Where a plaintiff mortgagee lawfully seized the mortgaged personalty on the 6th of March and the mortgagor on the 10th of March tendered an amount by the payment of which it was stipulated in the mortgage that the mortgage should be released, and it was refused and the property was sold, and in the trial of the action an issue was submitted as to the damages sustained by defendant, and there was no evidence tending to show a depreciation in the market value of the goods between March the 6th and March the 10th; *Held*, that it was harmless error to charge the jury that the measure of damages was the value of the goods on the 6th of March instead of on the 10th of March.

CIVIL ACTION tried before *Timberlake, J.*, and a jury at June (Special) Term, 1897, of DURHAM Superior Court. The plaintiff on the 6th day of March, 1896, began the action

BARBEE v. SCOGGINS.

to recover judgment against the defendant for an amount due under an agreement contained in a paper-writing and to recover possession of the personal property therein described. On the same day, to-wit: the 6th day of March, 1896, by an order issuing from the Clerk of the Superior Court of Durham County, the sheriff of said County seized the property described in the complaint, and in the agreement above referred to, and after retaining it for three days, in order that the defendant, if he saw fit, might replevy as allowed by law, turned over the property to the plaintiff. His Honor submitted the following issues:

1. Is the plaintiff the owner and entitled to the possession of the property described in complaint?

2. What damage, if any, is the defendant entitled to recover of the plaintiff?

3. In what sum, if any, is the defendant indebted to the plaintiff?

Plaintiff offered in evidence the following instrument in writing signed by defendant and wife:

"This indenture, made and entered into this the 19th day of July, 1895, by and between R. O. Scoggins and L. F. Scoggins, his wife, of the County of Durham, party of the first part, and J. W. Barbee, of the said County, party of the second part, bears witness:

That, whereas, the said R. O. Scoggins is justly indebted to the said J. W. Barbee for value received in goods delivered, in the sum of $730.00, bearing interest at the rate of 3 per cent. per annum until paid, to be due and paid as follows, to-wit: Ten dollars on the 27th day of July, 1895; ten dollars on the 3d day of August, 1895; ten dollars every seven days, to-wit: every Saturday thereafter until the entire debt, with interest, is discharged; and, whereas, the parties of the first part desire to secure the payment of the above indebted-

ness, as the same may become due, they have this day bargained, sold, aliened and conveyed, and by these presents do bargain, sell, alien and convey unto J. W. Barbee, his heirs, executors, administrators and assigns, the following property, real and personal, to wit: (Describing the lands.)

Also all the stock of goods, wares and merchandise, consisting of dry goods, boots, shoes, hats and notions, and groceries, and all other articles of sale or value, including scales, weights and measures, now placed, deposited and stored in a store house upon the lands of Mrs. L. F. Scoggins, in East Durham, &c., &c.

Also all goods, wares and merchandise of any and all kinds that may be hereafter added to the said stock of goods· by way of increasing or replenishing the said stock.

To have and to hold, &c.    *    *    *

It is expressly agreed between the parties hereto that the parties of the first part shall keep the said stock of goods, wares and merchandise up to its present value, shall keep all taxes paid, and shall pay cash for all goods added to· said stock.

It is further agreed that should the parties of the first part fail for the time of ten days to meet any payment when due or after becoming due, then the whole amount of said indebtness shall immediately become due, and the said party of the second part may proceed to collect under the· powers herein given.

It is further agreed that any payment that may be made upon this indebtedness by reason of the sale of certain cattle this day transferred by R. O. Scoggins to A. L. Barbee, the proceeds of which are to be applied to this indebtedness, shall not be construed to change the time nor the amount of the respective weekly installments to be due by the above agreement.

It is also agreed that, upon the payment of the sum of

$350.00 by the weekly instalments above referred to, the party of the second part will release the stock of goods and other personal property herein conveyed, from further liability as security for the above indebtedness, and such release is hereby made upon such payment."

The instrument provided for a sale in case of default in any of the agreements.

It was admitted in evidence of both plaintiff and defendant that proceeds of cattle referred to in the agreement amounted to $100.00 which was paid to the plaintiff in August, 1895. There was evidence as to the value of the stock of goods, fixing its valuation at from $400 to $1300. After the goods were delivered to the plaintiff he removed them from the store in East Durham, about one mile and a half, to a store on Main street in Durham, where the goods were kept without being ventilated, except that they were examined several times by prospective purchasers, until the day of sale. Said store was situated on the same side of the street as the court house, and is distant from 100 to 150 yards from the same. On the sale day plaintiff undertook to sell said goods at the court house door. He and the auctioneer and quite a crowd of people went into the said store, and about an hour before the said sale, and made such examination of the goods as they wished. They then left the store. The auctioneer called the crowd to the court house, where the goods were offered in a lump, not having been removed from the store building, and were cried out to one Max for $365.00, which sum, after deducting costs of sale and previous advertisement of a sale, which did not take place because of errors in the said advertisement, and also the costs of keeping the said goods, the plaintiff attempted to apply to his debt.

On the 10th day of March, 1896, the attorneys for the defendant presented to the attorneys of the plaintiff the fol-

lowing paper-writing, and at the same time tendered to them, as attorneys for the plaintiff, $93.12 as principal and interest money due, and $8.00 as costs in the action accrued at that time :

"SUPERIOR COURT, March Term, 1896.

*To J. W. Barbee:*

Please take notice that I do not owe you anything under the mortgage dated 29th March, 1895, for which you can hold my stock of goods; indeed, I expressly insist that you cannot; but I tender you in cash the sum of $93.12 principal money and interest, and $8.00 cost, and ask that you accept the same and release my goods so that I may continue my business, which you have almost, if not quite, broken up to my great injury.

R. O. SCOGGINS,

By his Attorneys."

This 7th day of March, 1896.

These amounts were declined by counsel for plaintiff, who stated that they were authorized to take no less than was due under the mortgage, and who claimed that the full amount of the indebtedness had become due.   On April 3, 1896, the defendant deposited with the Clerk of the Superior Court of Durham County $94.00 principal and interest money, and $8.85 costs, the same being the full amount of the costs then due, and left with the Clerk and took receipt therefor.

The sums referred to in the receipt were continuously on deposit with the Clerk since the 3d day of April, 1896, being enough when added to the payment above to make the sum of $350.00 and interest referred to in the mortgage.

On the day before the plaintiff instituted this action he made demand upon the defendant for the full amount due, which was refused.   He also at the same time demand-

·ed the possession of the goods described in the pleadings and under the agreement, which was refused.

At the close of the evidence, after argument by the counsel for the plaintiff and defendant, his Honor directed the jury to answer the first issue "No," to which instruction the plaintiff excepted.   His Honor also instructed the jury that the answer to the second issue was the value of the goods at the date they were seized by the plaintiff, and that the answer to the third issue was the full amount of $730.00 stated in the agreement, with interest thereon under the terms of the agreement, subject to the credits of the weekly payments, which amount to $261.00, of the $100.00 payment, and the $94.00, the amount of the deposit in the Clerk's office.

To his Honor's instruction as to the measure of damages the plaintiff excepted.

The jury answered the second issue "$552.40" and the third "$290.60", and his Honor rendered judgment that the plaintiff recover nothing and that the defendant recover of the plaintiff $304.40 with interest from 20th June, 1897, and costs.   From this judgment plaintiff appealed, assigning as error the instructions to the jury.

*Messrs. Boone & Bryant*, for plaintiff (appellant).
*Messrs. Winston & Fuller*, for defendant.

CLARK, J.:   The appellee's motion to dismiss for failure to print part of "case on appeal" must be disallowed.   As the rule requires the "case on appeal" to be printed, when other matter is referred to and ordered to be made a part of the case on appeal, the Court will not take up time debating whether such "exhibit" is material or not, the order making it a part of the case being conclusive.   *Barnes* v. *Crawford*, 119 N. C., 127; *Fleming* v. *McPhail*, at this term.   Here a receipt which is embraced in the "case on appeal" merely

recites that it is in accordance with terms embraced in the answer but does not purport to make the answer a "part of case on appeal." The practice as settled by the rules of Court is that those parts of the record which are required to be printed by Rule 28 (119 N. C., 940) *i. e.,* the judgment, case on appeal, exceptions, and issues are *per se* material, and if they are not printed in full, Rule 30 requires that the appeal shall be dismissed. But the pleadings are not so required to be printed (except when the case comes up on a demurrer) unless material, and if they are material and not printed, the Court will not dismiss but will simply order the additional printing. Rule 32.

Rules 28, 30 and 32 set out all this so plainly (119 N. C., 940, 941, and 942) that no time ought to be lost hereafter in discussing them.

It is true that, in the absence of a stipulation to the contrary, a mortgage to secure a debt payable in installments cannot be foreclosed till default in the last payment. *Brame* v. *Swain,* 111 N. C., 540; *Harshaw* v. *McKesson,* 66 N. C., 266. But here the mortgage expressly states that upon default in any installment all were to become due and the mortgagee could "proceed to collect under the powers herein given". *McIver* v. *Smith,* 118 N. C., 73; 2 Cobbey Mortgages, Sec. 852. The exercise of the power to declare the deferred payments due was held optional, and if not exercised did not put the statute to running (*Capehart* v. *Dettrick,* 91 N. C., 344; *Barbour* v. *White,* 37 Illinois, 164, *Chapin* v. *Whitsett,* 3 Colorado, 315) but no question of that kind arises as by taking out the proceedings herein the plaintiff exercised his option. 8 Am. & Eng. Enc., 194. The mortgagor being in default on some of his installments, the mortgagee was within his right when he elected to take the goods in possession, for the $100 derived from sale of cattle, it was stipulated, were not to be credited on the weekly instalments. But

there is another stipulation that, upon the payment of $350 upon the weekly instalments, the mortgage should be released upon the stock of goods, leaving it in force only as to the realty. The mortgagor tendered the plaintiff and paid into the Clerk's office (where it has continuously remained) for his benefit on April 3, the sum of $94.00 which, added to previous payments (exclusive of the aforesaid $100 from sale of cattle) made the full sum of $350. *Eo instanti* the mortgage on the personalty was released, *Shattuck* v. *Cole,* 91 Mich., 580, and, the costs to that date having also been paid into the Clerk's office at the same time, the plaintiff should have discontinued his action.

Even if the balance necessary to release the mortgage on the personalty had not been paid in before the attempted sale on April 13, that sale was invalid. *Alston* v. *Morphew,* 113 N. C., 460, citing *Blount* v. *Mitchell,* 1 N. C. The goods were not in plain view but were in a store 100 to 150 yards off from the place of sale, and moreover they were sold in a lump, which was calculated to make them bring much less than their value. The mortgagor is in the power of the mortgagee and the Courts require that such sales like those made under execution shall be made with such reasonable care as shall produce the best results. *McNeely* v. *Hart,* 30 N. C., 492; *Ainsworth* v. *Greenlee,* 7 N. C., 470.

Upon the first issue the burden being upon the plaintiff and there being no evidence tending to support his contention, the Court properly directed the verdict thereon to be rendered against him. *Spruill* v. *Insurance Co.,* 120 N. C., 141; *State* v. *Riley,* 113 N. C., 648. The measure of damages upon the second issue was strictly the value of the goods on March 10, when the defendant first tendered the balance necessary under the terms of the mortgage to release it as to the goods seized, and plaintiff refused to release them. The plaintiff lawfully caused them to be seized on

March 6th, when there was an installment due, but in the absence of any evidence tending to show a depreciation in their market value during the four days between the lawful seizure and the unlawful refusal to return, it was harmless error to charge that the value should be assessed as of the date of seizure. We fail to see how the plaintiff can object to the "allowance of interest" on the third issue.

No error.