## HINTON v. JONES.

(Filed September 20, 1904).

FORECLOSURE OF MORTGAGES—*Mortgages—Payments—Negotiable Instruments—Interest.*

> Where a note is payable one-tenth annually, and the interest semi-annually, a provision in the mortgage securing the same, that if the mortgagor fail to well and truly pay the note as it falls due, then the mortgagee may sell, a sale by the mortgagee for the non-payment of the first installment, but before the maturity of the entire note, is void.

ACTION by John L. Hinton against H. J. Jones, heard by *Judge W. A. Hoke* and a jury, at January (Special) Term, 1904, of the Superior Court of PASQUOTANK County.

This was an action to recover possession of a house and lot. The plaintiff sold to the defendant the lot in question on October 23, 1899, for the sum of $6,000 and a policy of insurance upon the life of the said Jones in the sum of $4,000. On the same date Jones executed to one C. L. Hinton, a son of the plaintiff, a deed of trust upon said land to secure the purchase-money, no part thereof being paid in cash. His note of even date was executed to the plaintiff in the sum of $6,000, "with interest from date, to be paid semi-annually, and the principal to be paid one-tenth annually until the said note is paid in full." The deed of trust provided that "should the said Jones well and truly pay said note as it falls due, then this deed shall be null and void. But should he fail to do so, then the said C. L. Hinton may sell," etc.

The deed of trust was foreclosed by a public sale of the land on January 16, 1901, when and where the plaintiff became the purchaser at the price of $150. Subsequently he brought this action for the recovery of the land. The issues and answers thereto were as follows:

"1st. Was the deed of trust referred to and described in complaint and answer procured by fraudulent and false representations on the part of the plaintiff or his agent, W. T. Davis?"    Ans. "No."

"2d. Was the sale under which plaintiff purchased had and made before the power of sale had arisen or become absolute?"    Ans. "No."

"3d. Is plaintiff owner of the lot sued for and described in the complaint?"    Ans. "Yes."

"4th. Does defendant wrongfully withhold possession of said lot?"    Ans. "Yes."

"5th. What damage is plaintiff entitled to recover by the wrong and injury?"    Ans. "Five cents."

The Court below charged the jury that if they should answer the first issue "No," and believed the evidence in the case, they should answer the second issue "No."    The Court further charged them that "if they should answer the first issue 'No,' and believed the evidence in the case, they should answer the third and fourth issues 'Yes.'"

From a judgment for the plaintiff the defendant appealed.

*Pruden & Pruden* and *E. F. Aydlett,* for the plaintiff.
*Ward & Thompson,* for the defendant.

DOUGLAS, J., after stating the case.    The only point that we need consider is the answer directed by the Court, which raises the legal question as to whether the power of sale became absolute upon the failure of the defendant to pay the first installment of the purchase-money, or must await the maturity of the entire note.    There is no direct provision that the entire note shall become due and payable upon default in any of its installments.    It is contended that this is implied by the wording of the deed, but it is not so "nominated in the bond," and we do not feel that the policy of the

law or the equities of this case require us to enlarge by mere
implication the rights or powers of a mortgagee or trustee to
so dangerous an extent. It is true the parties could have
so stipulated, but if there had been any such stipulation there
might not have been the same inducement on the part of the
defendant to pay a price so largely in excess of the apparent
value of the property. We do not see any substantial differ-
ence in legal effect between the material facts in the case at
bar and that of *Harshaw v. McKesson,* 66 N. C., 266. In
that case the condition of the mortgage was as follows: "Now
if the said W. F. McKesson shall well and truly pay and dis-
charge said several debts according to the agreement now
made—the one-third part thereof in three years, one-third
part in four years, and the remainder in five years from this
date—then this deed to be void and at an end; otherwise to
remain in full force and virtue." The plaintiffs began fore-
closure proceedings after the first installment became due,
but before the maturity of either the second or third install-
ment. This Court held that the second and third install-
ments did not become due by default in the payment of the
first, and that therefore the mortgage could not then be fore-
closed. The Court says: "A court of equity will never
decree a foreclosure until the period limited for payment of
the money be passed, and the estate in consequence thereof
forfeited to the mortgagee, for it cannot shorten the time given
by express covenant and agreement between the parties, as
that would be to alter the nature of the contract, to the injury
of the party affected. 3 Powell on Mort., 965. If this
mortgage had expressly stipulated that the estate should be
forfeited on the failure to pay the specified installments of
the debts, then on said failure the mortgagee might have
called for his money or proceeded immediately to foreclose.
2 Eden, 197. The time of payment being delayed was evi-
dently the inducement which caused the mortgagor to enter

into the contract, and the security thus furnished was satisfactory to the mortgagee. The fact that the mortgagee did not commence his proceeding to foreclose upon the failure of the first payment shows that he understood the agreement, as is insisted upon by the defendants. If the agreement of the parties was that the estate should be forfeited upon failure of the first payment, it could easily have been inserted in the contract." We see no difference in legal effect between the words in that case—"shall well and truly pay and discharge the said several debts according to the agreement now made"—and the words in the case at bar—"should well and truly pay said note as it falls due." Harshaw's case has been repeatedly cited and approved by this Court. *Hemphill v. Ross,* 66 N. C., 477; *Jones v. Boyd,* 80 N. C., 258, 261; *Molyneux v. Huey,* 81 N. C., 106; *Ely v. Bush,* 89 N. C., 358; *Bank v. Bridgers,* 98 N. C., 67, 2 Am. St. Rep., 317; *Brame v. Swain,* 111 N. C., 540; *Barbee v. Scoggins,* 121 N. C., 135.

The plaintiff cites but two cases in support of his contention—*Hyman v. Devereux,* 63 N. C., 624, and *Barbee v. Scoggins,* 121 N. C., 135—neither of which cases is in point. In the former case the mortgage contained the following express stipulation: "Secondly, when any amount, principal or interest, on any one of the said six notes shall be due and payable, then said Devereux shall call on the said Clark for the amount so due, and if the said Clark shall make payment, no steps shall be taken, but if he shall fail to make payment the said Devereux shall advertise twenty days and sell enough of the estate herein conveyed to him to pay said amount then due." * * * In that case there was an express stipulation to sell upon default in the payment of any one of the notes. Moreover, it seems that all the notes had become due, and that the real point before the Court was the sufficiency of the power to sell in any event, and not as to the time when

it could be exercised.   In *Barbee v. Scoggins* the Court says, on page 142: "It is true that, in the absence of a stipulation to the contrary a mortgage to secure a debt payable in installments cannot be foreclosed till default in the last payment (citing *Brame v. Swain,* 111 N. C., 540, and *Harshaw v. McKesson,* 66 N. C., 266).   But here the mortgage expressly states that upon default in any installment all were to become due and the mortgagee could proceed to collect under the powers herein given."   This is a reaffirmation of the principle laid down in Harshaw's case and against the contention of the defendant in that at bar.

The case of *Gore v. Davis,* 124 N. C., 234, apparently the latest upon the subject, is not directly in point, as it is the converse of that at bar, but by implication sustains the principle herein upheld.

It follows that in the absence of express stipulations to the contrary, the entire note in question did not become due and payable upon default in the payment of any of its installments, and that the power of sale had not become effective at the time the sale was made by the trustee.   Therefore the plaintiff acquired no title to the land under the trustee's deed.

Error.