Civil action. The judge by consent found the facts and rendered (571) judgment. The following are the facts:
1. That on 28 September, 1910, Phillips Crew Company contracted to one R. L. Peoples the piano described in the complaint, then owned by the plaintiff, upon the following terms: for $375, payable $15 on 10 October, 1910, then $5 per month for three months, then $10 per month thereafter until the whole had been paid, with interest from maturity; all payments to be made at the plaintiff's offices in Atlanta, Ga.; said instrument was not to be removed from the Peoples residence without the written consent of the plaintiff, and all right and title to ownership to remain in the plaintiff until fully paid for.
It was further agreed that if return or surrender of said piano were required and Peoples should have paid them in excess of a rental of $6 per month, and the plaintiff had by their own motion repossessed said piano, plaintiff was to return any excess money above said rental. This instrument was duly registered in Cherokee County on 26 August, 1912.
2. That up to and including 10 June, 1912, said Peoples paid to the plaintiff upon said piano installments amounting to $145, and stored the piano with defendant Hyatt, at his residence, and left the State to engage in business elsewhere; at the same time he stored other personal property in another place in the town of Murphy.
3. That on 24 July, 1912, one N. B. Adams brought before a justice of the peace two actions for an alleged debt of $71.75, summons in which was personally served, and a note of $100, with interest, and the summons was returnable 23 August, 1912; at the date of same he caused the piano to be attached. There was no personal service of summons in other case, but the justice caused notice to be posted at the door of the courthouse in Murphy and four other public places in Cherokee County of the summons and the attachment; on 23 August the justice rendered two personal judgments against the defendant Peoples, directing sale of the attached property to be made on the same date, that is, on the date of the judgments, and on the same date issued one execution on both judgments, for the sale of the piano and other property, to be made on 24 August, 1914; the other property was sold by the deputy sheriff on 24 August, and the sale of the piano was continued until 25 August, to be made at the residence of the defendant Hyatt, at which there was competitive bidding, and six or seven persons were present, *Page 628 
all without advertisement of sale, under said execution; the sale of the piano was made on 25 August at Hyatt's residence, and in a room thereof, at which Hyatt became the purchaser in the sum of $135, paid that sum to the officer and kept the piano, which he yet has. No return of sale was made by the officer on the execution.
(572) 4. On 6 August the defendant Hyatt wrote the following letter to the plaintiff:
I wired you, asking for best cash price on piano sold to Mr. R. L. Peoples, and received your reply, $210 cash. Beg to say, upon investigation, that I find this piano has been attached by Dr. N. B. Adams, this city, for account owed to him by Mr. Peoples, and have examined our register of deeds' office and failed to find that you have ever had your contract recorded covering same, and, therefore, this attachment holds good against the piano. We would like, if possible, to purchase this instrument, and if you will clear the title, and make us a close cash price on same, we will buy it. We understand that Mr. Peoples has paid you $145, leaving a balance of $230 unpaid. Kindly let us hear from you, and also the very best cash offer you are willing to accept for the piano, and oblige, Yours very truly, PAUL C. HYATT.
On 7 August the plaintiff wrote and acknowledged receipt of the letter, repeating the offer of the piano for $210, and expressing regret that it had been attached, and asking what sum the attachment was for, and stating that it would be a great bargain for the school; also asking for the name of some proper attorney to look after the matter for the plaintiff.
On 8 August the defendant Hyatt wrote the plaintiff as follows:
I have your letter of the 7th, and in reply beg to say that I want this piano for my own personal use, and not for any school or institution. Professor Peoples owes us quite a little sum, and he has left here and owes others, and Dr. N. B. Adams attached this piano for an account against him of $71.75 and for a note of $100 and interest on same since 1910. This attachment was served about ten days ago, and Mr. Peoples will have thirty days in which to receive notice, after which there will be an advertisement of the goods attached and same sold to the highest bidder. In order to protect myself and others that he owes, it will necessitate my taking the piano, if we can come to an agreement, and if we do so, of course, you will have to give me a clear and undisputed title to the same.
I suppose that you have been told by Mr. Peoples that this piano has been levied upon, and of course any assistance that I can render you *Page 629 
will cheerfully do so; as you say, we are brother merchants, and I worked for four years in Savannah in the piano and organ business and know something of the prices of same, and the ups and downs to an installment account.
I refer you to Mr. M. W. Bell, attorney, who will look after the matter for you. Yours very truly, PAUL C. HYATT.
5. That plaintiff has not parted with the title to said piano (573) other than by the instrument made to R. L. Peoples.
And upon the foregoing findings of fact, I conclude that the defendant is not an innocent purchaser for value without notice, but undertook to assist and advise the plaintiff in the matter of protecting its rights to the piano.
Wherefore it is considered and adjudged by the court that the plaintiff, Phillips Crew Company, is entitled to have and recover of the defendant P. C. Hyatt the Krell French piano, Style Y, wood mahogany No. 45918, of the value of $375, and to sell the same for balance due to plaintiff by R. L. Peoples under the pursuant to the said contract of sale dated 28 September, 1910.
It is further adjudged that said piano be sold by the sheriff of Cherokee County, at the residence of defendant, to the highest bidder for cash, after advertising such sale once a week for three successive weeks in some newspaper published in Cherokee County, at which sale both plaintiff and defendant may become the bidder and purchaser, and out of the proceeds of sale first pay the costs of advertisement and sale, including 2 per cent to the sheriff as commissions, and next pay the amount due the plaintiff under said contract of purchase made to said Peoples, and pay any residue that may be to the defendant P. C. Hyatt.
 FRANK CARTER, The defendant appealed. Judge Presiding.
We agree with his Honor that the defendant is not an innocent purchaser for value, and that he acquired no title under the sale against the plaintiff.
The whole proceeding was very irregular, if not void, and the defendant had personal knowledge of all the irregularities. One execution was issued on two separate and distinct judgments, in one of which no service had been made, and no jurisdiction acquired over the judgment debtor. The execution directed the property attached to be sold on 23 *Page 630 
August, the very day that the judgments were rendered, and the piano was sold on 25 August at this defendant's residence, without any advertisement, in presence of half-dozen persons, and was bid off by the defendant at $135, much less than its value. The defendant had full knowledge of these gross irregularities.
It is true that a purchaser at a sheriff's sale is not bound to look farther than to see that he is an officer who sells, and that he is empowered to do so by a valid execution. Blount v. Mitchell, 1 N.C. (574) 85; but this defendant was not an innocent purchaser. He had full knowledge of the invalidity of the execution directing on its face a sale without advertisement. Defendant also knew that in fact no advertisement whatever had been made, and that the sale was made two days after the rendition of the judgment in defendant's own house, and in the presence of only half-dozen persons. That such a sale is void as to him admits of no question. Rev., sec. 648; Barbee v. Scoggins,121 N.C. 143; Alston v. Morphew, 113 N.C. 460; McNeely v. Hart,30 N.C. 492.
Affirmed.