## W. S. EPLEY v. COMMERCIAL CREDIT COMPANY.

### (Filed 8 December, 1926.)

**Vendor and Purchaser—Automobiles—Contracts — Partial Payments— Tender—Measure of Damages.**

Where a credit company to whom a dealer had sold a contract and notes upon a partial payment plan, has possessed and wrongfully sold the car after full payment of arrears had been tendered by the purchaser of the car, the measure of damages in the latter's action is the fair market value of the car at the time of the refusal of the tender of payment, not exceeding the purchase price, less whatever amount he may still be due the seller under the terms of his contract.

APPEAL by defendant from *Schenck, J.*, at March Term, 1926, of McDowell. New trial.

The plaintiff sued to recover the amount he had paid on the purchase price of a car, and the following verdict was rendered:

1. In what amount, if any, is plaintiff entitled to recover of defendant, Commercial Credit Company?

Answer: Full amount—$239.77 with interest.

*Hudgins, Watson & Washburn for plaintiff.*
*J. Laurence Jones, J. L. Delaney and Morgan & Ragland for defendant.*

ADAMS, J. On 12 September, 1924, the plaintiff and the Old Fort Motor Company mutually executed a conditional sale agreement by the terms of which the plaintiff purchased from the company a Ford touring car at the agreed price of $513.12. He made a cash payment and agreed to pay to the seller or its order $342.12 in twelve monthly installments of $28.51 each, evidenced by his promissory notes. The agreement and the notes were afterwards assigned by the Old Fort Motor Company to the defendant. Some time after the defendant became the holder of the notes and agreement the car was seized by the sheriff of McDowell County under the provisions of C. S., 3403, relating to the prohibition law. It is intimated, though it does not distinctly appear, that the defendant gave a bond to have the car released from the custody of the sheriff. The written agreement contains a provision that upon any default or upon the buyer's losing possession of the car all the unpaid balance of the purchase price should forthwith become due and payable; and it is said that the defendant after getting possession of the car sold it under the terms of the contract. The plaintiff testified that

he had paid on the purchase price the sum of $239.77, that he had tendered the remainder claimed to be due, and that the defendant had refused to accept the payment or to return the car. He brought suit to recover the amount he had paid on the purchase price.

In reference to the issue submitted the trial judge gave the following instruction, to which the defendant excepted: "But, however, should you find on the contrary that he did not cause it to be used or permit it to be used for intoxicating whiskey, and he did make a tender of all the money that was due prior to the sale of the car, then he would be entitled to recover something. The amount he is entitled to recover should be $239.77, or such smaller amount as you find he is entitled to recover. He contends he should recover that entire amount. He says that he paid $234.51 for the car, and that he paid $5.26 for insurance, which was returned by the insurance company, and he contends he should recover the total amount of those two amounts, which is $239.77, and that's the amount he contends he has lost by reason of the fact that the car was wrongfully withheld from him. He contends the car was worth more than $239.77 and, therefore, since he has paid that much, and since the car has been taken away from him he is out that much and has lost all of that amount."

It will be noted that no specific rule is laid down for the measure of the plaintiff's loss. To say that the plaintiff should recover $239.77 or such smaller amount as he should be entitled to is to leave the recovery to the arbitrary judgment of the jury without prescribing any rule as a guide. If the plaintiff paid a part of the purchase price and made a formal tender of the remainder due, and the defendant under these circumstances wrongfully sold the car the measure of the plaintiff's loss would be, not necessarily the amount he had paid, but the fair market value of the car at the time of the defendant's wrongful refusal to return it, in no event to exceed the purchase price, less the remainder due thereon by the plaintiff. *Kellogg v. Malick,* 4 An. Cas. (Wis.), 893; *Russell v. Butterfield,* 21 Wendell, 300; *Boam v. Cohen,* 145 Pac. (Kan.), 559; *Barbee v. Scoggins,* 121 N. C., 135; 11 C. J., 597, sec. 299.

For the error complained of there must be a
New trial.