C. I. T. CORPORATION v. C. M. WATKINS AND ROBERT R. TUCKER.

(Filed 18 September, 1935.)

1. **Judgments F c—**

   A judgment may not be rendered in favor of a defendant who alleged no further defense, counterclaim, or cross action.

2. **Claim and Delivery G a—Where defendant recovers judgment in claim and delivery, measure of damages is value of property at time of taking.**

   Where defendant in claim and delivery recovers judgment and the property cannot be returned to him, the measure of damages is the value of the property at the time of its seizure, and an instruction that defendant, from whom an automobile had been taken in claim and delivery by

the assignor of a chattel mortgage thereon, would be entitled to recover, if plaintiff's seizure of the property were wrongful, the amount paid on the purchase price of the car less the value of the use obtained from the car by defendant, is held for error.   C. S., 833.

APPEAL from the municipal court of the city of Greensboro, heard *de novo* upon amended pleadings by *Alley, J.,* at December Term, 1934, of GUILFORD.   New trial.

This was a civil action, instituted by the C. I. T. Corporation, as assignee of Studebaker Sales of North Carolina, Incorporated, to recover a balance of $698.56 due on a note, secured by a conditional sale agreement on a certain Studebaker automobile, wherein resort was had to the ancillary remedy of claim and delivery.   C. S., 830, *et seq.*

The plaintiff alleged that it was the assignee and holder in due course of said note and conditional sale agreement, and that there had been a breach of the agreement by the defendant Watkins, who was the maker of said note and agreement, in that he had failed to meet the deferred payments as they became due, and in that he had rendered the debt insecure by wrongfully disposing of said automobile to his codefendant Tucker.   The automobile was taken in claim and delivery and sold at public auction for the amount of the balance claimed by the plaintiff to be due.

The defendants filed separate answers.   The defendant Watkins in his answer admits the execution by him of the note and conditional sale agreement, and that the plaintiff is the holder thereof in due course, but denies that he breached the agreement in either failing to meet the deferred payments or in wrongfully disposing of the automobile, and alleges that he did all that was required by the agreement to make tender of the deferred payments when due, and that the delivery of the automobile by him to his codefendant Tucker was not wrongful in that it was done with the knowledge and consent of the plaintiff and its assignor; and for a further defense and by way of counterclaim and cross action the defendant Watkins avers that the plaintiff, the C. I. T. Corporation, breached the terms of the conditional sale agreement in attempting to declare the entire amount of the note due under the acceleration clause therein, and in seizing and selling the automobile under claim and delivery, and demands the return to him of the automobile, together with damages for deterioration and loss of use thereof, or, if such return cannot be had, damage in the sum of $416.32.

The defendant Tucker in his answer admits that the plaintiff is the holder in due course of the note and conditional sale agreement in suit, but denies that he, Tucker, is in the wrongful possession of the automobile.   The defendant Tucker does not plead a further defense, counterclaim, or cross action.

15—208

C. I. T. CORPORATION *v.* WATKINS.

The issues submitted to the jury and the answers made thereto were as follows:

"1. Is the plaintiff the owner of and entitled to the immediate possession of the Studebaker coupe automobile, as alleged in the complaint? Answer: 'No.'

"2. What amount, if any, is plaintiff entitled to recover of the defendants? Answer: .......... .

"3. What was the reasonable market value of said Studebaker coupe automobile at the time of repossession? Answer: . ..........

"4. Did the plaintiff breach its contract with the defendant Watkins, as alleged in the answer? Answer: 'Yes.'

"5. If so, what amount of damages are the defendants entitled to recover of plaintiff? Answer: '$416.32, plus six per cent interest, less $50.00 for use of car.' "

Upon the foregoing verdict, the court adjudged "that the defendants, on their counterclaim in this cause, have and recover of plaintiff the full sum of $366.32, with interest thereon at the rate of six per cent per annum until paid, . . . ," from which judgment the plaintiff appealed, assigning errors.

*Huger S. King for plaintiff, appellant.*
*Younce & Younce for defendants, appellees.*

SCHENCK, J.   Manifestly the judgment of the court below, in so far as it relates to the defendant Tucker, must be reversed, since the answer of this defendant contains no further defense, counterclaim, or cross action.   "The counterclaim is substantially the allegation of a cause of action on the part of a defendant against the plaintiff, and it ought to be set forth with the same precision and certainty," *Bank v. Hill,* 169 N. C., 235, and the court ought to disregard a counterclaim not alleged in the pleadings, *Smith v. McGregor,* 96 N. C., 101.

The following portion of his Honor's charge is made the basis of one of the plaintiff's exceptive assignments of error, to wit: "But if you answer the fourth issue 'Yes,' then your answer to the fifth issue would be what damages you find the defendant sustained by reason of the wrongful breach of the contract and the repossession and sale of the car by the plaintiff, and the measure of damages, as I have already indicated the defendants would be entitled to recover, would be the amount paid on the purchase price of the car, with legal interest, to be reduced by any additional sum you say the car was worth to the defendants while they had the use of it, and the driving of the mileage they admit they did drive it."

We are of the opinion, and so hold, that the foregoing instruction was erroneous, since the measure of damage upon the fifth issue was the reasonable market value of the Studebaker automobile at the time it was seized by the plaintiff. This has been so held by this Court, *Barbee v. Scoggins,* 121 N. C., 135; *Epley v. Credit Co.,* 192 N. C., 661, and is so nominated in the bond which is written in accord with the statute, C. S., 833, in the following words: ". . . if for any cause return cannot be had for the payment to him of such sum as may be recovered against the plaintiff for the value of the property at the time of the seizure, with interest thereon, as damages for such seizure and detention."

For the errors assigned there must be a

New trial.