J. N. HARSHAW *et al.* Executors of JACOB HARSHAW *vs.* WM. F. McKES-
SON, *et al.*

1.  A Court of Equity will never decree a foreclosure of a mortgage until the
    period limited for payment has expired. It cannot shorten the time given, by
    express covenant and agreement between the parties, as that would be to alter
    the nature of the contract to the injury of the party affected.

2.  When a mortgage is executed, and it is stipulated that if the mortgagor
    "shall well and truly pay and discharge said debts according to agreement—
    the one third part in three years, one third in four years, and the remainder in
    five years from date, then the said deed to be void;" *Held*, that said mortgage
    cannot be foreclosed until the last period mentioned, viz : five years.

3.  If the said deed had stipulated that the estate should be forfeited on the fail-
    ure to pay the specified instalments of debts, then on said failure the mort-
    gagee could have called for his money or proceeded to foreclose.

4.  Where a bill to foreclose a mortgage is filed against several defendants, some
    of whom claim a portion of the lands described in the pleading, under a prior
    mortgage and they do not ask that the same be sold, *Held*, that it is error to
    decree that said mortgaged premises be sold for the benefit of the said defen-
    dants.

This was a civil action tried before Mitchell, Judge, at Fall
Term, 1871, of Burke Superior Court.

One of the defendants, William F. McKesson, executed a
mortgage to plaintiffs' testator, for several tracts of land lying
in Burke and the adjacent counties, and a house and lot in the
town of Morganton, to secure certain debts mentioned in the
said mortgage.

The condition of the mortgage is as follows ; viz : "Now, if
the said Wm. F. McKesson shall well and truly pay and dis-
charge said several debts according to the agreement now
made—the one-third part thereof in three years, one-third part
in four years, and the remainder in five years from this date,
then this deed to be void and at an end, otherwise to remain
in full force and virtue." " It is understood that if the said

McKesson chooses to pay a part of said debts, at any time, it will be received." Said mortgage deed is dated February 5th, 1867. Registered February 6th, 1867.

The summons in this case were issued February 10th, 1871. Service was accepted by some of the defendants in February, 1871, and process executed on the others shortly thereafter.

There was a prior mortgage of some of the lands included in the mortgage to plaintiff, made to the defendants Woodfin, C. F. McKesson and Annie F. McKesson, since married to defendant Busbee. There was a reference to a commissioner to state an account. A report was made and confirmed by the Court.

The case was heard at the last term of Burke Superior Court, upon the complaint, answers, exhibits, plea and report of commissioner. His Honor rendered judgment that the lands included in plaintiffs' mortgage be sold upon certain terms mentioned in the said judgment, and also that the house and lot in the town of Morganton, and tract of land included in the prior mortgage to the defendants, above named, be sold and proceeds applied to the payment of their debt.

From this judgment and order of the Court the defendants appealed.

*Battle & Sons* for plaintiff.
*Armfield, Folk* and *Busbee & Busbee* for defendants.

DICK, J. The mortgage executed by the defendant, William F. McKesson to Jacob Harshaw, fixes the time of payment of the debts secured, at three, four and five years in equal instalments.

This action was commenced before the time of redemption had expired, and one of the questions presented for our decision, is, whether this action can be maintained?

A Court of Equity will never decree a foreclosure until the period limited for payment of the money be passed, and the

estate in consequence thereof forfeited to the mortgagee, for it cannot shorten the time given by express covenant and agreement between the parties, as that would be to alter the nature of the contract to the injury of the party affected.   3 *Powell on Mort*, 965.

If this mortgage had expressly stipulated that the estate should be forfeited on the failure to pay the specified instalments of the debts, then on said failure the mortagee might have called for his money, or proceeded immediately to foreclose.   2 Eden, 197.   The time of payment being delayed was evidently the inducement which caused the mortgagor to enter into the contract, and the security thus furnished, was satisfactory to the mortgagee.   The fact that the mortgagee did not commence his proceedings to foreclose upon the failure of the first payment shows that he understood the agreement, as is insisted upon by the defendants.

If the agreement of the parties was, that the estate should be forfeited upon failure of the first payment, it could easily have been inserted in the contract.

The plaintiffs, if they had seen proper, might have proceeded in an action at law, to recover the instalments as they became due, but they could not proceed to have a foreclosure until the day of redemption was passed, and the decree of his Honor in this respect is erroneous.

That part of the decree which directs a sale of the land mentioned in the first mortgage to the defendants, Charles F. McKesson and others, cannot be sustained.   The first mortgagees have not requested a sale, and the plaintiffs have not offerred to redeem the first mortgage.   The testator of the plaintiff, by express agreement, debarred himself of the right to foreclose his mortgage for five years, and during that period the plaintiffs have no right to redeem the first mortgage, for in an action to redeem the prior mortgage, they would have to ask for, and be entitled to, a decree of foreclosure against the mortgagor.   *Coote on Mort.*, 432.

The first mortgagees may at any time, and without judicial proceedings, accept payment of their debts from the second mortgagees, even without the concurrence of the mortgagor—and this will redeem the prior mortgage. *Ibid*, 517.

As this action was commenced before the plaintiffs were entitled to foreclose the mortgage—the proceedings must be dismissed.

PER CURIAM.                                    Judgment reversed.