D. L. GORE v. RACHEL DAVIS.

(Decided March 21, 1899).

*Mortgage—Default—Foreclosure—Demurrer—Practice.*
*The Code, sections 272, 274.*

1. Where a note is payable three years after date, but the interest is payable semi-annually; and a mortgage, given to secure the note, subjects the land to sale upon default of payment of principal or interest, or 'any part of either at maturity—and the debtor fails to pay interest when due; according to the conditions of the mortgage both principal and interest become due, and the creditor is entitled to foreclosure.

2. Upon overruling a demurrer, the defendant is entitled to answer at that term. The Code, section 272. Further time is in the discretion of the Court. Section 274.

3. In judgment upon foreclosure, the sum due should be distinctly stated.

CIVIL ACTION for foreclosure of land mortgage, tried before *Timberlake, J.,* at January Term, 1899, of NEW HANOVER County.

Demurrer filed. Overruled. No answer. Judgment. Exception and appeal. The case is sufficiently stated in the opinion.

*Mr. Iredell Meares,* for defendant (appellant).

*Mr. John H. Gore, Jr.,* for plaintiff.

CLARK, J.   The note sued on was dated 19th October, 1897, and payable three years after date, but the interest was made "due and payable semi-annually." The mortgage to secure the note specified, "if default shall be made in payment of said bond or the interest on the same, or any part of either at maturity," the creditor could proceed to sell the land and out of proceeds of sale "pay said bond and interest on the same." The defendant failed to pay the interest which fell due 19th April, 1898. By the conditions of the mortgage the principal and interest became due. The demurrer of the defendant, that this action for judgment on the note and foreclosure of the mortgage was premature, was properly overruled. *Capehart v. Dettrick,* 91 N. C., 344; *Kitchin v. Grandy,* 101 N. C., 86; *Whitehead v. Morrill,* 108 N. C., 65; *Kiger v. Harmon,* 113 N. C., 406; *Barbee v. Scoggins,* 121 N. C., 135. Nor is a demand or refusal to pay necessary before beginning an action of this nature.

Upon overruling the demurrer, the defendant was entitled to answer at that term (The Code, section 272), but the refusal of further time to answer was in the discretion of the trial Judge. The Code, section 274. The defendant having failed to answer, and the complaint being verified, the Court rendered judgment that if $3,000 (the principal of said note) and interest and costs were not paid within the time specified in the judgment, the mortgaged premises should be sold after due advertisement and judgment against the defendant for any deficiency, after applying the proceeds of said sale to the satisfaction of the judgment. The judgment is loosely and inartificially drawn. There is no sum adjudged to be due by the defendant to the plaintiff, which should be done before a foreclosure is directed. It may be inferred, upon the maxim *id certum est quod certum reddi protest.* The judgment should be reformed by the Court

below to accord with the established form in such cases. This loose practice can not be encouraged and the costs of this Court will be divided between the parties. Code, section 527. With this modification the judgment below is affirmed.

Modified and affirmed.