## MARTIN v. KIRKPATRICK.

(Filed 9 December, 1908).

**1. Bankrupt Act—Mortgage—Time of Execution of Power of Sale.**
   The provision of the Bankrupt Act making all debts owing by the bankrupt due and payable at the date of the adjudication, does not affect the terms of a mortgage executed by him, in which the date at which the power of sale may be executed is fixed.

**2. Pleadings—Injunctions—Hearing.**
   The Judge properly continued the injunction, until the hearing, upon the allegations in the pleadings.

ACTION for restraining order heard by *Moore, J.,* April Term, 1908, of CATAWBA.

The undisputed facts appearing upon the record are: On 1 September, 1905, H. E. McCombs and another conveyed to Mrs. O. W. Royster and N. E. Aull the land in controversy. Sometime thereafter they formed a partnership under the name and style of the Phœnix Manufacturing Co. On 4 May, 1907, Aull executed a mortgage on his one-half undivided interest in the land to defendant, Mrs. L. G. Kirkpatrick, to secure a note of one thousand dollars. This mortgage was duly recorded. The mortgage recites that Aull had executed his note to Mrs. Kirkpatrick for $1,000, due and payable 4 May, 1908, and in default of its payment at maturity, the mortgagee was empowered to sell the land, etc. On 29 July, 1907, Aull conveyed to Mrs. Royster his interest in the land, "subject to a mortgage on said one-half interest in said property, heretofore executed by the parties of the first part to Mrs. L. G. Kirkpatrick, to secure an indebtedness of one thousand dollars." This deed was recorded 2 August, 1907. On 13 December 1907, Mrs. Royster executed to plaintiff a mortgage on all of said land to secure a note of $3,500. Aull was, some time prior to 4 March, 1908, adjudged a bankrupt. Defendant has not proved her debt against his estate. Defendant advertised her one-half interest in the land mort-

gaged to her by Aull for sale under the power conferred upon her in said mortgage, the sale to take place 17 March, 1908. The plaintiff applied to Judge Councill for an order restraining and enjoining the defendant from selling. In his affidavit he avers that the land was partnership property, and that he was a creditor of the partnership which was insolvent; that the mortgage from Aull to defendant was a fraud upon the partnership creditors. He makes other averments attacking the validity of defendant's mortgage. He also alleges that the note secured by the mortgage was not due at the date of the advertisement, and would not be due until 4 May, 1908. Defendant filed answer denying the allegations of plaintiff's affidavit. A restraining order was granted, returnable before Judge Moore who, on the hearing, continued this order until the final hearing. From this order defendant appealed.

*E. B. Cline* and *M. H. Yount* for plaintiff.
*A. A. Whitener* for defendant.

CONNOR, J. The affidavits of the plaintiff and defendant present a number of controverted questions of fact which cannot be satisfactorily disposed of upon this appeal. It is manifest that, by the terms of defendant's mortgage, the power of sale cannot be executed prior to 4 May, 1908, and the advertisement was premature. Defendant, however, contends that by virtue of a provision in the Bankrupt Law, all debts are made due and collectable upon the adjudication in bankruptcy. However this may be for the purpose of proving them against the estate of the bankrupt, we do not see how this provision can effect the rights or remedies of a creditor who does not prove her debts. The power of sale in the mortgage must be enforced according to its terms, without regard to other remedies given the creditor for the collection of the debt. Our statute has the same provision when a

149—26

general assignment is made by a debtor, Rev., sec. 967, but it has never been supposed that it had any other effect than to permit the creditor to proceed to collect his debt by suit, attachment, etc. It cannot be construed to change the terms of the mortgage. We forbear discussing the questions debated before us because, until the facts are found upon issues submitted to a jury, or by the Court, they are not presented. In either aspect of the case we concur with his Honor in continuing the injunction to the hearing. The parties should file appropriate pleadings and go to trial upon them, to the end that the very truth of the matters in controversy may be settled. The order continuing the injunction is

Affirmed.