### J. NICK WALKER v. DENNIS BURRELL.

(Filed 9 November, 1916.)

**1. Deeds and Conveyances—Written Contracts — Mortgages — Foreclosure— Date of Payment—Interpretation.**

Where a contract for the sale of lands reserves title in the vendor and provides for the payment of an annual sum of money, with accrued interest on the entire debt, for a period of ten years, and obligates to convey the property on tender of payment within six months thereafter, etc., the contract will be specifically enforced as made, without right of the vendor to foreclose within the period of ten years and six months, though he may recover judgments for the specified payments within that time as they fall due, and enforce payment out of the purchaser's other property subject to his exemptions.

**2. Same—Intermediate Payments—Possession—Judgments—Exemptions.**

Where under the vendor's contract for the sale of lands he may not foreclose for a long period of time, but has payments becoming due, from time to time, in the meanwhile, upon default of these intermediate payments, he may obtain judgment for them, and enter into the present possession of the lands when reasonably required for his protection and the proper enforcement of his claim, and conserve the same by appropriate remedies, unless the purchaser presently pays the amount of his obligations already matured and enters into a sufficient and satisfactory bond to pay his future obligations as they fall due under the terms of the contract.

CIVIL ACTION tried before *Devin, J.,* and a jury, at May Term, 1916, of ORANGE.

This action was to enforce collection of the purchase price of a tract of land which plaintiff, on 18 January, 1912, had contracted to sell and convey to defendant at the price of $3,000, payment to be made of accrued interest on the entire debt and $300 on the principal annually

on the 15th day of December for ten years till paid. The action was instituted to September Term, 1915, and there were allegations that defendant, at the time of action commenced, had made only one payment of $150, and that defendant was utterly insolvent and sale was necessary to enforce payment of plaintiff's debt or any part thereof.

Demand was also made for possession of the property, etc.

Defendant answered, admitting the insolvency, etc., and that only $150 had been paid, and in paragraph 5 of the answer alleged that at the time of the contract entered into between the parties there was an additional stipulation that plaintiff could remain in possession for ten years and six months. provided he cleared up a reasonable number of acres of said land and built tenant houses thereon; and, further, that if defendant made default in the annual payment, he was to have all the time he needed to make the same, provided it did not exceed the period of ten years and six months, etc., and that these stipulations were omitted from the contract by the mutual mistake of the parties.

On issues submitted, the jury rendered verdict as follows:

1. Were the matters set forth in paragraph 5 of the answer omitted by mutual mistake from the bond for title, as alleged? Answer: "No."

2. Did plaintiff agree to extend the time for payment on the land if improvements were put thereon by defendant? Answer: "No."

3. What was the value of the improvements put upon the land by defendant? Answer: "$500."

4. Did the defendant fail to make the payments called for in the contract and bond, as alleged in the complaint? Answer: "Yes."

5. In what amount is defendant indebted to plaintiff on said contract and bond? Answer: "$3,000, with interest, subject to a credit of $150."

There was judgment, foreclosure and sale for the entire debt, and defendant excepted and appealed.

*S. M. Gattis, S. M. Gattis, Jr., for plaintiff.*
*C. D. Turner for defendant.*

HOKE, J., after stating the case: The instrument, after setting out the bargain of sale at $3,000, payable annually $300, with accrued interest on the entire debt, contained further stipulations as follows:

"Now, therefore, if the said J. Nick Walker, on receiving the said purchase money, together with the interest thereon accrued, provided it be tendered any time within six months after the last payment falls due, shall well and truly at his own proper cost and charge make and execute to the said Dennis Burrell and his heirs a good, sufficient deed of conveyance with warranty and full covenant to convey and assure unto him, the said Dennis Burrell, and his heirs a good, sure, and

indefeasible estate of inheritance in and to said tract of land, with the privileges and appurtenances thereto belonging, free and discharged of any and all encumbrance whatsoever, then this obligation to be void; otherwise, to remain in full force and effect."

There is nothing in the other parts of the contract or in the pleadings or evidence that matures and hastens the maturity of these payments otherwise than as expressed in the stipulation, as stated, and where this is true our decisions hold that no right of foreclosure for the entire debt or for any part of the same will arise to the vendee except at the termination of the designated period of ten years and six months—not because this is the more desirable method for either one of the parties, but because this is the bargain they have seen fit to make concerning the property. "Provided the purchase money be tendered at any time within six months after the last payment falls due" is the time agreed upon, and the Court can only enforce specifically the contract as made. These cases further hold that the vendor may have judgment for the portion of his debt which has matured at the time of action commenced; he can sue from time to time as other installments become due, to be enforced out of the other property of the vendee, except to the extent protected by the exemptions allowed him by law; and, if reasonably required for his protection and the proper enforcement of his claim, he is entitled to the present possession of the property and to protect and conserve the same by appropriate remedies; but he cannot, meantime, except by further agreement between the parties, sell the principal property or any part of it for the payment of his claim or any portion of it, because, as stated, the parties have made other contract concerning it.   These positions will be found approved in *Jones v. Boyd,* 80 N. C., pp. 258-... ; *Harshaw v. McKesson,* 66 N. C., 266, and other cases; and, on the facts admitted in the pleadings and established by the verdict, the plaintiff is entitled to judgment against the defendant for the amount due at the time the action was commenced, apparently three payments of $300 each, and accrued interest on the debt, subject to the credit of $150, to be levied on the general property of defendant, subject, however, to the exemptions allowed him by law.   And he is entitled, also, to judgment for immediate possession of the property, unless defendant shall presently pay the amount of plaintiff's debt already matured and enter into a sufficient and satisfactory bond to pay the installments of the purchase price as they shall fall due, pursuant to the contract.

This will be certified, that the judgment and verdict on the fifth issue shall be set aside and judgment entered in accordance with this opinion.

Modified.