HERM RAPER v. GEORGE S. COLEMAN AND LUTHER RICHARDSON.

(Filed 6 October, 1926.)

**1. Mortgages—Notes in Sets—Acceleration of Payment.**

A mortgage for the balance of the purchase money due by the mortgagor of lands, securing several notes maturing at different periods, may by its terms hasten the maturity of the sum total of the indebtedness by expressly providing that should one of the notes or interest thereon not be paid at its maturity, then all the indebtedness should become due and payable.

**2. Same—Sales—Maturity.**

Where by express provision in a mortgage the power of sale is given when one in a series of notes it secures and interest thereon should remain unpaid after maturity, the exercise of the power of sale need not await the maturity of all of the notes in the series, but may be exercised when a note of earlier maturity or interest thereon remains unpaid under its terms.

APPEAL by plaintiff from *Sinclair, J.,* who dissolved a temporary restraining order. From JOHNSTON. Affirmed.

On 28 November, 1923, the defendant Coleman sold and conveyed to the plaintiff sixty acres of land in Johnston County at the agreed price of $15,000. The plaintiff paid $6,000 in cash and executed and delivered to said Coleman a purchase money mortgage on the same land for the sum of $9,000, payable at the rate of $1,000 a year for nine years, the first payment to be made on 1 December, 1924, and the last on 1 December, 1932. The mortgage, which was duly registered, contained the following foreclosure provision: "But this deed is made on this special trust; that if said party of the first part shall well and truly pay to said party of the second part, or his legal representatives, the bonds hereinbefore described, at their maturity, then this deed to be null and void. But if default shall be made in the payment of said bonds, or the interest on the same, or any part of either, at maturity, then and in that event it shall be lawful for and the duty of said party of the second part to sell said land hereinbefore described to the highest bidder for cash, at the courthouse door in Johnston County, first advertising said sale, etc., . . . and out of the moneys arising from said sale to pay said bonds and interest on same, together with costs of sale."

The plaintiff made the first payment, but failed to meet the second installment of $1,000, which was due 1 December, 1925; and on 10 December, 1925, Coleman as mortgagee caused the land to be advertised for sale under the mortgage, and at the alleged sale made 11 January, 1926, the defendant Richardson bid off the land at the price of $8,500. On 19 January, 1926, the plaintiff instituted this action and obtained a temporary order restraining Coleman from executing and delivering any conveyance of the mortgaged premises, and thereafter the restraining order was dissolved by Judge Sinclair, whereupon the plaintiff excepted and appealed.

*Charles U. Harris and Ed. F. Ward for plaintiff.*
*Paul D. Grady, Pou & Pou, and J. L. Emanuel for defendants.*

ADAMS, J. The appeal raises the question whether under the clause of defeasance the mortgagee's right to foreclose accrued upon the mortgagor's failure to pay the bond of $1,000 maturing on 1 December, 1925. The plaintiff, admitting that this is the only question presented by his exception, stresses the point that the mortgagee cannot sell before the date at which the last bond is to become due, while the defendants say that a sale of the mortgaged property is authorized by the terms of the defeasance upon default in the payment of the bonds, or the interest thereon, or upon default in the payment of any part of either at maturity.

As a rule, a court of equity will not decree the foreclosure of a mortgage until the period limited for the payment of the secured debt is past and the estate is forfeited to the mortgagee, for it cannot shorten the time on which the parties have expressly agreed. *Harshaw v. McKesson,* 66 N. C., 266. Hence, if several bonds maturing at different periods are secured by a mortgage and there is nothing in the contract, pleadings, or evidence that matures or hastens the maturity of the deferred payments, or any other event which constitutes a default, there is no right of foreclosure either for the whole debt or for any part of it until the last bond becomes due—the mortgagee's remedy meantime being a suit to recover judgment for such part of the debt as may have matured, a similar action from time to time as the other installments become due, and, if reasonably required for his protection, a suit for the present possession of the mortgaged premises. *Walker v. Burrell,* 172 N. C., 386.

This Court has also held that if the parties to the contract stipulate that the estate shall be forfeited or that the right to sell may be exercised upon the debtor's failure to pay the specified installments of the debts as they mature, then upon the debtor's failure to pay any installment that is due the mortgagee may demand his money or proceed immediately to foreclose. *Harshaw v. McKesson, supra.*

The cases cited in the brief of the plaintiff fall within the first of these two classes and do not support the position taken in his argument. *Jones v. Boyd,* 80 N. C., 258, and *Brame v. Swain,* 111 N. C., 540, were suits for the specific performance of contracts to convey land, and while in such cases the relation of vendor and vendee is analogous to that of mortgagee and mortgagor, it was decided that neither action could be maintained until the last installment of the debt became due; but these cases did not disclose any provision for accelerating the maturity of the notes or any other event constituting a default by the terms of the contract. In *Hinton v. Jones,* 136 N. C., 53, the defendant's deed of trust secured a single note of $6,000 "with interest from date, to be paid semi-annually, the principal to be paid one-tenth annually until said note was paid in full," and contained the clause, "Should the said Jones well and truly pay said note as it falls due, then this deed shall be null and void; but should he fail to do so, then the said C. L. Hinton may sell." In accord with the authorities, it was held in reference to this provision that the trustee's sale must await the maturity of the entire debt, the Court emphasizing the absence of any provision that the entire note should become due and payable or that sale should be made upon default in any of its installments. Upon this theory the decision was referred to the principle stated in *Harshaw v. McKesson, supra. Martin v. Kirkpatrick,* 149 N. C., 400, simply adjudged that the provision of the Bankrupt Act maturing all debts owing by the bankrupt which were payable

at the date of the adjudication did not interfere with the terms of the bankrupt's mortgage designating the conditions on which the power of sale could be exercised. It is obvious, then, that the defeasance in the mortgage executed by the plaintiff may be distinguished from the clauses which were passed upon in these cases, in that a sale by Coleman, the mortgagee, is authorized upon default in the payment of either bond. The parties did not stipulate in express terms that the entire debt should fall due upon default in the payment of one bond, as was stipulated in the mortgage referred to in *Barbee v. Scoggins,* 121 N. C., 135, and similar cases; but they provided for the application of the proceeds of sale to all the unpaid bonds and the practical effect is the same as if such a stipulation had been set out in the mortgage. After naming the bonds "hereinbefore described"—those representing the deferred indebtedness of $9,000 at the rate of $1,000 a year for nine years—the mortgagor stipulated that if default should be made in the payment of *said bonds,* or the interest thereon, or any part of either at maturity, that is, any part of the bonds or any part of the interest at maturity, in that event it should be lawful for and the duty of the mortgagee to sell the mortgaged property and out of the proceeds to pay *said bonds* and the interest thereon. The language is plain. The mortgagee was empowered to make sale upon the mortgagor's default in the payment of either bond at maturity and to apply the proceeds in satisfaction of the unpaid notes. To say that the money derived from the sale should be applied in payment only of the bond then due upon its face and remaining unpaid would antagonize the express contract and would involve the retention by the mortgagee or some other disposition of the remaining proceeds not within the contemplation of the parties.

Our conclusion is in agreement with former decisions of this Court. In *Kitchin v. Grandy,* 101 N. C., 86, it is said that where several notes due at different dates are secured by a mortgage or deed in trust wherein it is provided that upon default in the payment of any one of them the mortgagee or trustee may sell, and he does sell after the first note is due and before the maturity of the others, the proceeds must be applied ratably to all the notes remaining unpaid. To the same effect is *Whitehead v. Morrill,* 108 N. C., 65. The mortgage foreclosed in *Gore v. Davis,* 124 N. C., 234, specified, "If default should be made in the payment of said bond or the interest on the same, or any part of either at maturity," the creditor could proceed to sell the land and out of the proceeds of sale should "pay said bond and interest." There was default in the payment of interest, and the Court said, "By the conditions of the mortgage the principal and interest became due." In *Eubanks v. Becton,* 158 N. C., 230, the sale made under the power conferred by the mortgagor was assailed on the ground that the mortgage, although containing

a provision that the land might be sold upon failure to pay either note, did not provide that upon such failure the whole indebtedness should become due, and therefore that no sale could be made until the maturity of the last note. In the opinion it is said: "The mortgage contains the express stipulation that the land may be sold upon failure to pay either note, and requires the proceeds of sale to be applied to 'the principal and interest which shall then be due on the said bonds.' The language is clear and the intention of the parties easily ascertained, and we must give effect to it. It is permissible to provide that the whole debt shall become due upon failure to pay any part, but not essential to the exercise of the power of sale. *Gore v. Davis,* 124 N. C., 234." The Court has maintained the doctrine in the later cases of *Miller v. Marriner,* 187 N. C., 449, and *Leak v. Armfield, ibid.,* 625. The judgment is

Affirmed.