GEORGE WORLEY AND WIFE, HAZEL WORLEY, v. A. K. WORLEY.

(Filed 19 October, 1938.)

1. **Mortgages § 30b—Power of sale in mortgage is contractual.**

   While a mortgagee is entitled to foreclose same upon default in payment of an interest installment when due, when authorized by the instrument, notwithstanding that the notes secured are not due, the right to foreclose is contractual, and default must have occurred strictly within the terms of the instrument conferring the right to foreclose in order to entitle the mortgagee to pursue this remedy.

2. **Same—Held: Under the terms of the mortgage involved, the mortgagee was not entitled to foreclose prior to maturity of the first note.**

   The first note secured by the mortgage in question provided that interest thereon should be due and payable annually, but the due date of the note was approximately 18 months from date of its execution. The mortgage provided that the mortgagee might foreclose upon default in payment of any part of the note or interest at maturity. *Held:* Regardless of whether interest on the note was payable under its terms a year from its date, the power of sale contained in the mortgage provided for foreclosure upon default at "maturity" of the note, and advertisement made more than a year after the execution of the instrument but prior to the maturity of the first note, is premature.

3. **Mortgages § 39e—Question of damages for wrongful advertisement held for jury.**

   Where a mortgagee establishes that the lands were advertised for sale under foreclosure prior to default giving the mortgagee the right to foreclose, he establishes a cause of action, and evidence of some loss and

inconvenience resulting therefrom justifies the submission of the issue of damages to the jury, and the refusal of the trial court to set aside the verdict in his favor will not be held for error.

APPEAL by defendant from *Harris, J.,* at February Term, 1938, of JOHNSTON. No error.

Action to recover damages for wrongful advertisement of plaintiffs' land in attempted foreclosure of defendant's mortgage.

Issues submitted to the jury were answered in favor of the plaintiffs and damages assessed in the sum of $200.00. From judgment on the verdict defendant appealed.

*A. M. Noble for plaintiffs, appellees.*
*Parker & Lee for defendant, appellant.*

DEVIN, J. Appellant's principal assignment of error relates to the court's instruction to the jury that at the time of the advertisement there had been no default in the payment of the notes secured by defendant's mortgage.

It was admitted that on 21 May, 1935, plaintiffs for value executed and delivered to defendant four notes, each in the sum of $60.00, due respectively 1st days of November, 1936 to 1939, inclusive, and at the same time to secure said notes executed a mortgage on described land. It was provided in the mortgage that "if default be made in the payment of said bonds or the interest on same, or any part of either at maturity," it should be lawful for the mortgagee to sell said land after due advertisement. The first note is in words and figures following: "$60.00. On or before November 1st, 1936, with interest from date at 6% per annum, we promise to pay to the order of A. K. Worley, Sixty and No/100 Dollars, for value received. Interest due and payable annually. George Worley (Seal)—Hazel Worley (Seal)."

It was admitted that no interest was paid at the end of one year from the date of execution of the notes, and that on 5 June, 1936, defendant advertised the land for sale under the power contained in the mortgage. Sale was enjoined, and the notes eventually paid in full. This action is to recover damages for losses sustained by plaintiffs on account of the premature and unlawful advertisement of their land.

The question arises, Did the defendant have the right to institute foreclosure proceedings upon failure of plaintiffs to pay interest on 21 May, 1936? If not, a cause of action would lie and plaintiffs be entitled to recover for injuries proximately resulting.

It has been uniformly held that where the mortgage authorizes a sale upon failure to pay the notes or bonds secured, or the interest thereon,

or any part of either at maturity, the mortgagee has the right to foreclose upon failure of payment of any installment of interest when due, and that it is not essential to the power of sale that all the notes be due. *Capehart v. Dettrick,* 91 N. C., 344; *Kitchin v. Grandy,* 101 N. C., 86, 7 S. E., 663; *Gore v. Davis,* 124 N. C., 234, 32 S. E., 554; *Sanderlin v. Cross,* 172 N. C., 234, 90 S. E., 213; *Miller v. Marriner,* 187 N. C., 449, 121 S. E., 770; *Raper v. Coleman,* 192 N. C., 232, 134 S. E., 481.

The power of sale in a mortgage is contractual, and in its exercise the terms and conditions contained in the mortgage must be strictly complied with, unless inconsistent with the statute. *Eubanks v. Becton,* 158 N. C., 230, 73 S. E., 1009. "The court cannot shorten the time on which the parties have expressly agreed." *Raper v. Coleman, supra; Harshaw v. McKesson,* 66 N. C., 266.

Applying the applicable principles of law deduced from the authorities cited to the facts in the instant case, it appears that the note quoted above recites that it shall become due and payable 1 November, 1936, with interest from date (21 May, 1935), and that at the bottom of the note is added the words, "interest due and payable annually." However, the power of sale in the mortgage is authorized only if default be made in the payment of the note or the interest on same, or any part of either at maturity. While there is ground for appellant's position that the words "interest due and payable annually" indicate the intent of the parties as expressed in the note that interest be paid one year after the date of the note, we think the language in which the power of sale is conferred in the mortgage, in case of default, limits the right to sell to the maturity of the note. It is expressly provided that the power of sale may be exercised only in case of default in the payment of any part of the note or interest at maturity. The word "maturity" could only refer to the due date of the note, that is, 1 November, 1936. To authorize a sale the default must have been within the terms of the mortgage. *Brown v. Jennings,* 188 N. C., 155, 124 S. E., 150. The ruling of the court below will be upheld.

There was evidence that the plaintiffs suffered some inconvenience and loss, caused by the wrongful advertisement of their land for sale, in the attempt to foreclose defendant's mortgage thereon. This was sufficient to justify the submission of the issue of damages to the jury and the refusal of the trial judge to set aside the verdict will not be held for error. The triers of the facts have determined the controverted issues, and in the trial we find no prejudicial error of which the defendant can complain.

No error.