CLIFTON E. BROWN AND WIFE, SOPHIA BROWN, v. M & J FINANCE CORPORATION.

(Filed 20 January, 1967.)

**Mortgages and Deeds of Trust § 38—**

Where plaintiffs' evidence is to the effect that defendant instituted foreclosure proceedings to their damage, that they had never owed and did not owe defendant any amount, and the *femme* plaintiff testifies that she had signed no deed of trust upon which the purported foreclosure was based, and neither plaintiff is asked whether he or she signed the note and deed of trust bearing their names which defendant introduced in evidence, nonsuit should not be granted, plaintiff's evidence being sufficient, notwithstanding discrepancies and contradictions, to permit the inference that they never signed and delivered to anyone the note and deed of trust upon which the foreclosure was based.

APPEAL by plaintiffs from *Shaw, J.,* 7 March 1966 Session of FORSYTH.

Civil action to recover actual and punitive damages for an alleged wrongful advertising of their home for sale under a deed of trust.

From a judgment of compulsory nonsuit entered at the close of plaintiffs' and defendant's evidence, plaintiffs appeal.

*Buford T. Henderson for plaintiff appellants.*
*W. C. Holton for defendant appellee.*

PARKER, C.J. Plaintiffs allege in their complaint and defendant admits in its answer in substance the following: Plaintiffs were the owners and in the rightful possession of a tract of land on which their home was situated in Forsyth County. Defendant caused Leslie G. Frye to advertise their home for sale at public auction to the highest bidder at the courthouse door of Forsyth County at 12 o'clock noon on 14 August 1962; that the advertisement for this sale was posted at the courthouse door in Winston-Salem on the public bulletin board in the hallway of the first floor of the courthouse, and notices of the advertisement were published in a newspaper in Winston-Salem with a wide circulation for four successive weeks. Plaintiffs' Exhibit No. 2 is a paper writing entitled "Notice of Sale of Real Estate." This notice states in part:

> "Under and by virtue of the authority conferred upon the undersigned by a certain deed of trust executed by Clifton E. Brown and wife Sophia Brown on the 10th day of January, 1962, to Leslie G. Frye, Trustee, said deed of trust being recorded in the office of the Register of Deeds of Forsyth County in deed of trust book 842 at page 199, and default having been made under the terms of the said deed of trust, the undersigned trustee will sell at public auction to the highest bidder at the courthouse door of Forsyth County, North Carolina, the following described real estate: [The description of the real estate is identical with the description of the land upon which plaintiffs' house is situated as alleged in the complaint.]

> *       *       *

"This the 10th day of July, 1962.
>                                    Leslie G. Frye, Trustee"

The oral testimony of Sophia Brown and of Clifton E. Brown is in substance: They had never owed defendant anything and do not owe defendant anything now. The *femme* plaintiff testified that

she had signed no deed of trust upon which this purported sale was based. They saw the notice posted in the courthouse that their home was advertised for sale. They employed a lawyer, and the sale was stopped.

Leander Hill, a witness for plaintiffs, testified in substance: He was trying to sell them a house. Plaintiffs did not have a sufficient amount of money to make a down payment on another house, and they were going to mortgage their home place to get a sufficient amount of money to make a down payment. He noticed in the paper that their home was being foreclosed. He told Mrs. Brown she could not get a loan on her home because it was being foreclosed. At that time she did not know it.

Defendant's evidence in substance was: In 1962 James D. Myers was manager of the branch office of defendant in Winston-Salem. On 5 April 1962 defendant purchased a note and deed of trust securing the note from Twin City Aluminum — Salem Aluminum Company for $1,000. The note was assigned to defendant with full recourse. The amount of the note secured by the deed of trust was $1,313.28. Plaintiffs' names appear on the note and the deed of trust securing the same. The tract of land conveyed to Leslie G. Frye, trustee, in the deed of trust was the tract of land in Winston-Salem upon which plaintiffs' house was situated. The note was payable in 36 months at $36.48 per month. The first payment was due on the note on 10 May 1962, and no payment was made. Defendant called upon plaintiffs to make the payments on their note, and they refused. When plaintiffs did not pay, defendant started a foreclosure on 14 August 1962. Defendant's check purchasing the note at the price of $1,000 was made payable to Salem Aluminum Company and Jimmy Hammett, and was dated 4 April 1962. When defendant started to foreclose, Mr. Hammett was out of town. When he got back to town, he paid the defendant off in the amount of $1,050. In the record, on the deed of trust appear these words:

"PAID AND SATISFIED IN FULL
JUNE 1, 1964

"Drawn by                      SALEM ALUMINUM COMPANY
"Leslie G. Frye                By James W. Hammett, Owner"

Plaintiffs allege in their complaint "that the defendant had no lien or interest in the home of the plaintiffs, which it advertised for sale, and had no right whatsoever to cause the plaintiffs' home to be advertised for sale, and that the advertising by the defendant, its agents, servants and employees, was wrongful. . . ." The oral testimony of Sophia Brown and of Clifton B. Brown was in substance that they had never owed defendant anything and do not owe de-

fendant anything now. The *femme* plaintiff testified that she had signed no deed of trust upon which this purported sale was based. It is true that plaintiffs' Exhibit No. 2, "Notice of Sale of Real Estate," which was most probably prepared by the trustee in the deed of trust, states in substance that the foreclosure sale advertised was under and by virtue of the authority conferred upon the trustee by a certain deed of trust executed by Clifton E. Brown and wife Sophia Brown on the 10th day of January, 1962. Defendant's counsel asked no questions on cross-examination of either the male or the *femme* plaintiff. He might have asked them if they had signed the note and deed of trust that the defendant offered in evidence, but he did not do so. There are discrepancies and contradictions in plaintiffs' evidence and in their Exhibit No. 2 as to whether they signed the note and deed of trust in the instant case. "Discrepancies and contradictions, even in plaintiff's evidence, are for the twelve and not for the court," *Brafford v. Cook*, 232 N.C. 699, 62 S.E. 2d 327, and do not justify nonsuit. *Keaton v. Taxi Co.*, 241 N.C. 589, 86 S.E. 2d 93. Defendant has no evidence that the plaintiffs signed the note and deed of trust; its evidence is merely that plaintiffs' names appear on the note and the deed of trust securing the same.

This is said in *Worley v. Worley*, 214 N.C. 311, 199 S.E. 82:

> "It has been uniformly held that where the mortgage authorizes a sale upon failure to pay the notes or bonds secured, or the interest thereon, or any part of either at maturity, the mortgagee has the right to foreclose upon failure of payment of any installment of interest when due, . . ."

A mortgagor is entitled to recover damages attributable to the mortgagee for a wrongful advertising or foreclosure of the mortgage. *Worley v. Worley, supra;* 59 C.J.S., Mortgages, § 491.

The evidence for both sides in the record before us is meager. However, considering plaintiffs' evidence in the light most favorable to them, and giving them the benefit of every reasonable inference to be drawn therefrom, it would permit a jury to find that plaintiffs never signed and delivered to anyone the note and the deed of trust in the instant case, and consequently it is sufficient to survive the challenge of a motion for judgment of compulsory nonsuit and to carry the case to the jury for them to decide whether or not plaintiffs executed and delivered to another the note and deed of trust here.

The judgment of compulsory nonsuit, which plaintiffs assign as error, was erroneously entered, and is

Reversed.