Ronald R. REESE and Deborah H.
Reese, Respondents,

v.

FIRST MISSOURI BANK AND TRUST
COMPANY OF CREVE
COEUR, Appellant.

No. 69018.

Supreme Court of Missouri,
En Banc.

Sept. 15, 1987.

Rehearing Denied Oct. 13, 1987.

David A. Sosne, Howard A. Wittner, St. Louis, for appellant.

Don R. Sherman, Sanford Goffstein, St. Louis, for respondents.

WELLIVER, Judge.

Appellant, First Missouri Bank and Trust Company of Creve Coeur, appeals a judgment in the Circuit Court of St. Louis County in favor of the respondents, Ronald R. Reese and Deborah H. Reese, for attempted wrongful foreclosure. At the close of all the evidence, the trial court granted respondents' motion for a directed verdict on liability and submitted the issue of damages to the jury. The trial court entered judgment pursuant to the jury's verdict awarding respondents $150,000 in actual damages and $100,000 in punitive damages. The Court of Appeals, Eastern District, affirmed the circuit court. We transferred the case by authority of Mo. Const. art. V, § 10. We reverse.

I

On March 6, 1981, respondents Ronald R. Reese and Deborah H. Reese obtained a loan from appellant to finance their purchase of a new home. Respondents executed a promissory note in the amount of $92,300.00 with interest at 13%. The payment schedule in the promissory note required that principal and interest be paid:

On demand and if no demand be made then principal & interest is payable in monthly installments of $1,040.96 commencing on April 6, 1981 and on that day of each succeeding month until maturity, March 6, 1984. A final payment in the amount of $91,544.30 due March 6, 1984 plus accrued interest subject to refinance at the option of the bank.

Respondents also executed a demand note and a deed of trust with a power of sale in favor of appellant.

On April 14, 1981, appellant issued a letter to respondents suggesting they refinance the loan within six months, or appellant would exercise demand. On June 26, 1981, appellant through its attorney, made a formal demand by letter requesting respondents pay $92,175.53 in unpaid principal, $656.60 in interest, $32.83 per diem charge and attorney's fees of $14,674.81. Respondents did not pay in accordance with the demand letter, but continued to make monthly installments.

On August 28, 1981, respondents received notice of foreclosure from appellant's attorney. Appellant also had the trustee publish the notice of sale for twenty-one days in the *St. Louis Countian.* Sale was to take place on September 30, 1981.

Prior to the foreclosure sale, respondents filed their petition for injunction and damages against appellant and the trustee.[1] The petition contained three counts: in Count I respondents asked for a declaration of law that the instruments constituted an installment note rather than a demand note, for both a temporary and a permanent injunction against foreclosure, and "for costs of this action and such other and affirmative relief as the court may deem proper." In Count II respondents alleged appellant's acts of attempted foreclosure were illegal, malicious and in bad faith and requested actual damages and for deprivation of their equity in the property, and damage to respondents' reputations, embarrassment, humiliation, and emotional distress, and punitive damages. Count III alleged a prima facie case of intentional tort.[2]

The trial court heard Count I separately and enjoined appellant from foreclosing respondents' residence, holding that the note was an installment note and not demand note. Respondents did not at this point file a motion for allowance of attorneys' fees. The appellant bank appealed. *Reese v. First Missouri Bank & Trust Company of Creve Coeur,* 664 S.W.2d 530 (Mo.App. 1983) (*Reese I*). The court of appeals affirmed. We transferred, heard oral argument, but then retransferred to the court of appeals as improvidently transferred.

Trial was had on Count II. Respondents amended Count II to ask for attorneys' fees and litigation expenses as a part of damages and at the close of all the evidence, the trial court granted respondents' Motion for Directed Verdict on liability and submitted the issue of damages to the jury.

Evidence admitted at trial indicated that the attempted foreclosure caused respondents to suffer insomnia, that their marriage became "strained" and that respondents stopped talking to each other, that they were "horrified" by the attempted foreclosure, and that they felt embarrassed and ashamed. James Haupt, a friend of respondents, testified that he entertained doubts as to respondents' "credibility" when he read the notice of foreclosure. Edward Downing, a friend of the family, testified that he was "shocked" when he read that respondents were in financial trouble. Tom Downing, another friend, testified to the same effect. Additionally, the trial court admitted evidence that attorneys' fees incurred amounted to $23,000.00. The jury returned a verdict for the respondents in the amount of $150,000.00 in actual damages and $100,000 in punitive damages. The court entered judgment on that verdict and denied appellant's Motion for Judgment Notwithstanding the Verdict or, in the Alternative, Motion for New Trial. Appellant appealed and the court of appeals affirmed. Upon appellant's motion, we transferred.

II

On appeal, appellant alleges the following errors: (1) that no cause of action for attempted wrongful foreclosure exists in Missouri; (2) if such cause of action exists in Missouri, any elements of such cause of action were not proven here; (3) the trial court erred in overruling appellant's motion for a mistrial based on statements made by respondents' counsel during respondents opening statement; and (4) that this Court should review the court of appeals previous decision in Reese I regarding the demand and installment language in the notes that are the subject of this cause of action.

Our research indicates that prior to this case, the Missouri Supreme Court has not recognized that a cause of action exists for wrongful attempted foreclosure. One court of appeals case recognized the cause

---

1. Upon agreement of the parties, the trial court dismissed the trustee, Stephen Hereford, from Count II because he was not a necessary party in the trial for wrongful attempted foreclosure.

2. Upon respondents' request, the trial court dismissed Count III prior to the trial.

of action, but reversed that portion of the judgment for insufficient proof.[3]

Presently, a majority of twenty-nine jurisdictions in the United States allow nonjudicial foreclosure through a power of sale.[4] Of these jurisdictions, only three recognize a cause of action for a lender's attempted foreclosure that does not result in a sale.[5] Missouri has had a long and good experience with nonjudicial foreclosure of deeds of trusts (mortgages).[6] Nonjudicial foreclosure significantly reduces the amount of time a lender must wait to collect a debt due and borrowers find credit easier to obtain where lenders are assured of a quick and efficient means of foreclosure upon default. *See* Comment, *Installment Contracts for the Sale of Land in Missouri*, 24 Mo.L.Rev. 240, 242 (1959); Comment, *Foreclosure by Power of Sale, Inserted in a Mortgage or Deed of Trust*, 4 Mo.L.Rev. 188 (1939).

Under Missouri law, the legislature has seen fit to provide only one method for delaying non-judicial foreclosure. Sections 443.410–440, RSMo 1986, make provision for having an equity of redemption for a period of one year by serving the notice and making the bond therein provided. In our view, our authorizing a cause of action for wrongful attempted foreclosure would effectively nullify the purposes for having the expeditious non-judicial foreclosure of deeds of trusts. If further provision for delaying foreclosure of security instruments is to be made, we believe the legislature should make the decision. Our conclusion is compatible with the holdings of the large majority of the states recognizing nonjudicial foreclosure. The trial court must be reversed.

■ Because of our decision that there is no cause of action for attempted wrongful foreclosure, it is not necessary to reach appellant's other arguments pertaining to the elements of the cause of action or other trial errors.

### III

■ The question was raised in oral argument whether respondents could still get their attorneys' fees (for Count I) even though the Court might deny the cause of

---

3. In *Medlock v. Farmers State Bank of Texas County*, 696 S.W.2d 873, 880 (Mo.App.1985), an action for attempted foreclosure, the court refused to decide whether a cause of ation exists for attempted foreclosure because the bank there did not list the issue as a point relied on nor attacked the jury instruction on attempted foreclosure. In *Medlock*, the bank advertised the foreclosure on Sharlene Medlock's property, after her husband's death, when they discovered that no credit life insurance was purchased on her husband's life at the time the bank granted extension agreements on loans. *Id.* at 876. Medlock obtained a restraining order preventing the foreclosure sale and obtained a judgment of $25,000.00 for damages for attempted foreclosure in addition to damages for breach of contract. *Id.* at 876–77. The court of appeals reversed the award of damages for the attempted foreclosure (the court referred to the damages as emotional distress), assuming the existence of tortious interference with property, because there was no conscious wrongdoing by the bank. *Id.* at 880–81.

4. Nelson & Whitman, Real Estate Finance Law, § 7.19 (1985), citing Jones and Ivens, Power of Sale Foreclosure in Tennessee: A Section 1983 Trap, 51 Tenn.L.Rev. 279, 293–94 (1984). In 1986, Oklahoma enacted foreclosure by power of sale. Okla.Stat.Ann. tit. 46 §§ 40–48 (West Supp.1986).

5. *See Worley v. Worley*, 214 N.C. 311, 199 S.E. 82 (1938) (recovery for unlawful advertisement of land because borrowers were not in default on interest payments); *Sale City Peanut & Milling Co., Inc. v. Planters & Citizens Bank*, 107 Ga.App. 463, 130 S.E.2d 518 (1963) (a cause of action existed when borrowers alleged that lender knowingly published an untrue and derogatory statement about borrowers' financial condition and that damages resulted, even though no foreclosure sale took place); *Morse v. Mutual Federal Savings & Loan Ass'n*, 536 F.Supp. 1271, 1280 (D.Mass.1982) (borrowers wrongful acts "were a willful misuse of its statutory power of sale and it could be expected to humiliate and distress plaintiffs, they may recover for mental suffering"; mental damages include defamation and loss of reputation from wrongfully advertising property). *But see Port City State Bank v. Leyco Construction Co., Inc.*, 561 S.W.2d 546 (Tex.Civ. App.1977) (court could not locate any case awarding damages to a borrower for lender's mistaken attempt to foreclose; thus venue could not be maintained in the present county).

6. A mortgage with a power of sale existed at least as far back as 1855. Ch. 113 § 20, RSMo 1855. The statutes in effect at the time of the attempted foreclosure herein are §§ 443.290, 443.410, RSMo 1978.

**374**

action for wrongful attempted foreclosure in Count II.

It is undisputed that no motion for allowance of attorneys' fees was filed prior to the appeal on Count I. Having declared the instruments to constitute an installment note, the trial court stayed, or enjoined the foreclosure proceeding, and designated the judgment on Count I final for purposes of appeal pursuant to § 512.020, RSMo 1978. No reservation of the issue of attorneys' fees was made by the court. The allegation that respondents are entitled to attorneys' fees on Count I as an element of damages in Count II does not preserve the issue for consideration on this appeal, all issues relating to Count I having been finally determined on that appeal.

### IV

Appellant asks that we reconsider the holding in *Reese I*. The judgment in *Reese I* has become final; we are without power to entertain either rehearing or a second appeal.

The judgment of the trial court on Count II is reversed.

All concur.